141 So. 672

**NORRIS v. NORRIS.**

**4 Div. 587.**

Supreme Court of Alabama.

May 12, 1932.

Bird & Hicks, of Phenix City, for appellant.

**BOULDIN, J.**

■ Appellant, domiciled in the state of Georgia, filed his bill for divorce in the county of respondent's residence in Alabama. The alleged ground for divorce was pregnancy of the wife at the time of marriage without the knowledge or agency of complainant —a good ground for divorce under the laws of Alabama.

Personal service was had, decree pro confesso upon personal service taken, proof made by complainant, and the cause submitted for final decree.

The bill was dismissed for want of jurisdiction of the cause.

This appeal presents the question of jurisdiction of the courts of Alabama to grant divorces at the suit of nonresidents, the respondent residing in Alabama, and subject to the court's processes.

We have no express statute dealing with the subject.

■ The general principle is everywhere recognized that each state has jurisdiction over the matrimonial status of its own citizens.

■ In the application of this doctrine, the husband may be domiciled in one state and the wife in another. Such is the allegation and clear proof in the present record.

The husband has been all the while a resident of the state of Georgia. Respondent was· at the time of marriage a resident of Alabama; the marriage was solemnized in this state. The wedded pair took up their residence at the home of the husband. Soon thereafter, the husband, discovering the wife's pregnancy, severed their relations and she returned to her Alabama home, where she resided when this suit was filed.

Without question the courts of Alabama would have jurisdiction of the marriage status if invoked by the wife against a nonresident husband.

Having jurisdiction of the subject-matter by reason of the domicile of respondent, and jurisdiction over her by personal service, and the husband voluntarily submitting to our jurisdiction by bringing the suit here, we conclude the courts of this state have jurisdiction to determine the marriage status at the suit of either party.

The respondent, domiciled in Alabama, has, in such suit, the opportunity to have her marriage status determined by the laws of her own state; and the husband has submitted to our jurisdiction for such purpose. Ex parte Allan, 220 Ala. 482, 125 So. 612; Martin v. Martin, 173 Ala. 106, 55 So. 632; Thompson v. State, 28 Ala. 12; 2 Bishop on Marriage, Divorce and Separation, §§ 24, 133, and 139.

The cause having proceeded regularly to final submission, and the evidence clearly proving the allegations of the bill, the decree dismissing the bill will be reversed and one here rendered granting a divorce as prayed.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.