39 So.2d 406

**GEE v. GEE.**
**6 Div. 828.**

Supreme Court of Alabama.
Feb. 17, 1949.

Rehearing Denied March 31, 1949.

104

John A. Altman, of Carrollton, for appellant.

W. A. Davis, of Aliceville, for appellee.

FOSTER, Justice.

This is a second appeal in this case, Gee v. Gee, 249 Ala. 642, 32 So.2d 657. The contention is here urgently made, not treated on former appeal, that the bill does not contain jurisdiction or allegations, in that the ground for divorce is voluntary abandonment, and it does not allege, as required by Title 34, section 27, Code, that complainant has been a bona fide resident citizen of this State for twelve months next preceding the filing of the bill, and that the proof shows that complainant was not such a resident.

There was a demurrer to the bill raising the question. That demurrer was overruled January 6, 1947. There was a final decree of divorce May 8, 1947. That was reversed by this Court on November 20, 1947. That ruling on the demurrer cannot be reviewed on a second appeal. Alabama City, G. & A. Ry. v. Bates, 155 Ala. 347, 46 So. 776; Smith v. Gibson, 191 Ala. 305, 68 So. 143; Sovereign Camp, W.O.W. v. Moore, 235 Ala. 117, 177 So. 642. There has been no further ruling on the demurrer.

But the contention referred to goes to the jurisdiction of the court over the subject matter, Martin v. Martin, 173 Ala. 106, 55 So. 632; Smith v. Gibson, supra; Wright v. Wright, 200 Ala. 489, 76 So. 431; Cooper v. Cooper, 210 Ala. 13, 97 So. 66.

On June 21, 1948, respondent filed a motion to dismiss the suit because the evidence shows that at the time this suit was begun the complainant was a resident citizen of Mississippi, setting up the constitution and laws of Mississippi, and his qualification and registration as a voter in Mississippi, being inconsistent with his residence in Alabama when the bill was filed The motion also sought to dismiss the case because of the absence of security for costs on account of his non-residence. The court overruled the motion in both respects.

The first question goes to the jurisdiction of the court over the subject matter, and the manner of raising it is not important. If the bill is insufficient in that respect, or if the evidence shows that the court is without jurisdiction of the subject matter, relief as to it will be denied.

Residence under section 27, supra, not only must be alleged, but by its terms must be proved. But the argument overlooks the amendment to section 27, supra, by the Act of July 6, 1945 (see, General Acts 1945, page 691), by adding a proviso that "the provisions of this section shall not be of force and effect when the court has jurisdiction of both parties to the

cause of action." We had occasion to consider that amendment in Jennings v. Jennings, Ala., 36 So.2d 236. We held that there was necessarily implied an exception to the effect of that proviso, for it cannot have operation if both parties were domiciled out of Alabama. The res over which the jurisdiction of the court is limited is the marital status of a citizen of Alabama. So that while the terms of the proviso do not so require, it is to be so treated to have any effect at all. In that case both parties were non-residents of Alabama. Therefore, we held that the proviso did not authorize the court in this State to grant a divorce. The parties cannot by consent confer such jurisdiction, nor can the legislature do so by an act, when the res is not within the power of State authorities.

■ We are now confronted with the necessity for a further construction of the Act to determine whether under it, if one of the parties is a resident, and the other a non-resident, the court has jurisdiction. It is our view that if the court has jurisdiction over the res because the respondent is a resident of Alabama, it would be immaterial by virtue of the proviso whether complainant was such a resident when the bill was filed, or that he had been for twelve months. In the instant case the court has jurisdiction of both parties, since the complainant submitted to its jurisdiction by filing the bill, and respondent was personally served in Alabama and appeared generally, and is a resident citizen of Alabama. Norris v. Norris, 224 Ala. 678, 141 So. 672.

■ We know of no principle of law which would prohibit the legislature from enacting such a law as the proviso, applicable only when one or both of the parties is a resident of Alabama when the bill was filed. By residence here we mean domicile, which embraces citizenship. It is firmly established by our decisions that residence in our divorce statutes means domicile. Ex parte Weissinger, 247 Ala. 113, 22 So.2d 510; Caheen v. Caheen, 233 Ala. 494, 172 So. 618. Such was the meaning of residence in section 27, supra, before "citizen" was added by the Act of March 29, 1933 (see, Acts 1933, Ex.Sess., page 85). We do not think it is of controlling significance that by that amendment "citizen" was added, and was carried into the amendment adding the proviso of July 6, 1945, whereas a similar amendment to section 29, Title 34, Code, was made, leaving it as it was as to residence. We think that in both instances the term means domicile, as we held it to mean as used in section 28, Title 34. We do not think it is of controlling importance whether a bill uses the word residence alone or adds to it citizenship or domicile. We think and construe it to mean the same whether in pleading or in a statute on that subject.

■ So that if we assume that the evidence shows that complainant was a resident citizen of Mississippi when the bill was filed, it is still sufficient to sustain jurisdiction of the court since the bill makes the allegation which is sustained by the proof that respondent was a resident of Alabama at the time it was filed, meaning a resident-citizen. It is not sufficient to make the allegation without satisfactory proof of such citizenship. The admission by the respondent in her answer of her domicile is not sufficient. It would conflict with section 26, Title 34, Code, and justify a finding of jurisdictional facts without evidence. There must not only be evidence of such domicile, but it must be sufficient to satisfy the court of the truth in fact of such domicile. Colorable residence for that or any other temporary purpose will not be sufficient.

■ The bill alleges that the place of residence of respondent is Pickens County, Alabama. We think that is sufficient allegation, though it may be true that the allegation of complainant's residence in Alabama is not supported by the evidence.

■ The evidence clearly shows that respondent made her home in Pickens County, Alabama, at the time of and for a long time before the bill was filed in this case. The court properly overruled the motion to dismiss it for want of jurisdiction. However, the motion was not necessary, because if the proof was not satisfactory that one or both of the parties was a resident citizen of Alabama when the bill was filed, a decree of divorce could not be

106

granted because of the absence of jurisdiction over the subject matter.

The evidence shows that complainant was either a non-resident at the time the suit was filed, or that subsequent thereto, he moved into the state of Mississippi. He was due to give security for costs either under section 59 or 62, Title 11, Code. But the only question raised as to that was a motion to dismiss the cause (ground 6) because he has not given security for costs. The bill was not subject to be dismissed on that ground until he fails to give the security after an order of court is made directing same to be done. Appellant did not pursue the course necessary to obtain the benefit of the applicable statute.

We have considered all the evidence in the case, most of which was taken orally before the trial court. We think the evidence supports his finding and decree of divorce granted to appellee on the ground of voluntary abandonment.

Affirmed.

BROWN, LAWSON and STAKELY, JJ., concur.