124 So.2d 807

**Dorothy C. TINSLEY**

v.

**Walter C. TINSLEY, Jr.**

**5 Div. 730.**

Supreme Court of Alabama.

Dec. 1, 1960.

Walker & Walker, Opelika, and R. C. Wallace, LaFayette, for appellee.

Beddow, Embry & Beddow, Birmingham, and W. O. Walton, Jr., LaFayette, for appellant.

LAWSON, Justice.

The appeal is from a decree overruling demurrer to a bill for divorce filed by the husband against the wife on the ground of voluntary abandonment.

It is insisted that the trial court erred in overruling the grounds of the demurrer which take the point that the bill does not contain jurisdictional allegations in that the ground for divorce is voluntary abandonment and it is not alleged in the bill that complainant was a bona fide resident citizen of the state for twelve months next preceding the filing of the bill.

■ There is no merit in this insistence. It is alleged in the bill that the respondent, Dorothy Tinsley, was a resident citizen of Alabama at the time the bill was filed and had been such all her life.

■ In Gee v. Gee, 252 Ala. 103, 39 So. 2d 406, 408, as in this case, the bill was by the husband against the wife and the ground for divorce was voluntary abandonment. After careful and studied consideration, we rejected the argument here pressed upon us by appellant in view of the proviso added to § 27, Title 34, Code 1940, by Act No. 458, approved July 6, 1945, General Acts 1945, p. 691.

In the Gee Case, supra, we said, in part, as follows:

"We are now confronted with the necessity for a further construction of the Act to determine whether under it, if one of the parties is a resident, and the other a non-resident, the court has jurisdiction. It is our view that if the court has jurisdiction over the res because the respondent is a resident of Alabama, it would be immaterial by virtue of the proviso whether complainant was such a resident when the bill was filed, or that he had been for twelve months. In the instant case the court has jurisdiction of both parties, since the complainant submitted to its jurisdiction by filing the bill, and respondent was personally served in Alabama and appeared generally, and is a resident citizen of Alabama. Norris v. Norris, 224 Ala. 678, 141 So. 672.

\* \* \* \* \* \*

"So that if we assume that the evidence shows that complainant was a resident citizen of Mississippi when the bill was filed, it is still sufficient to sustain jurisdiction of the court since the bill makes the allegation which is sustained by the proof that respondent was a resident of Alabama at the time it was filed, meaning a resident-citizen. It is not sufficient to make the allegation without satisfactory proof of such citizenship. The admission by the respondent in her answer of her domicile is not sufficient. It would conflict with section 26, Title 34, Code, and justify a finding of jurisdictional facts without evidence. *There must not only be evidence of such domicile, but it must be sufficient to satisfy the court of the truth in fact of such domicile. Colorable residence for that or any other temporary purpose will not be sufficient."* (Emphasis supplied). 252 Ala. 105.

In McCary v. McCary, 253 Ala. 468, 470, 45 So.2d 292, 294, we said of our holding in the Gee Case, supra:

"In Gee v. Gee, supra, it was further pointed out that it is now unnecessary to allege that the complainant is a bona fide resident or allege that the complainant is a resident of Alabama at all provided the respondent is alleged to be a resident of Alabama and the court acquires jurisdiction of both parties to the action. \* \* \*"

Our holding in the Gee Case, supra, here involved is in our opinion correct and will be followed. In answer to the argument that our holding in the Gee Case, supra, does violence to the legislative intent, we observe that there have been a number of sessions of the legislature since the Gee Case was decided and the legislature has not seen fit to amend the statute so as to change our holding.

As ground for divorce the bill alleges:

"The complainant states, charges and avers, that on, to-wit, the 20th day of August, 1958, more than one year next before the filing of the bill, the respondent, Dorothy C. Tinsley, voluntarily abandoned complainant's bed and board without fault on his part; and complainant and respondent have not lived together as husband and wife since that time."

■ The averments are sufficient to charge voluntary abandonment under the statute. § 20, Title 34, Code 1940, as amended; Kidd v. Kidd, 246 Ala. 313, 20 So.2d 515; Whatley v. Whatley, 248 Ala. 430, 27 So.2d 877, and cases cited; Siener v. Siener, 250 Ala. 376, 34 So.2d 576; Spencer v. Spencer, 254 Ala. 22, 47 So.2d 252; Darrah v. Darrah, 257 Ala. 263, 57 So.2d 618; Mangham v. Mangham, 264 Ala. 354, 87 So.2d 818; Branyon v. Branyon, 267 Ala. 53, 99 So.2d 740.

The decree appealed from is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.