143 So.2d 455

**Earnest M. ISOM**

v.

**Catherine ISOM.**

**8 Div. 99.**

Supreme Court of Alabama.

July 12, 1962.

Beasley & McCutchen, Tuscumbia, for appellant.

Howell T. Heflin and Jame L. Hunt, Tuscumbia, for appellee.

**600**

MERRILL, Justice.

Appellant was the respondent in a divorce action and the final decree granted a divorce to appellee on the ground of cruelty, awarded the custody of their minor child to appellee, ordered appellant to pay $125 per month alimony and $75 per month for the support, maintenance and education of the minor and made provision for a property adjustment as to real property owned jointly by the parties.

The argument section of appellant's brief consists of one page. Most of the argument is directed to the proposition that the decree "fixing the alimony and support of the minor child is arbitrary and inequitable."

◼ The evidence supported the charge of cruelty and there was also evidence of adultery but the court based the decree of divorce on the ground of "physical cruelty." We have said that where the husband is guilty of wanton or wicked conduct toward his wife, the allowance must be as liberal as the estate of the husband will permit under all the circumstances of the case. Steiner v. Steiner, 254 Ala. 260, 48 So.2d 184, and cases there cited; Tit. 34, § 32, Code 1940.

Appellant is 41 years of age and according to the testimony he had been earning between $100 and $160 per week. He owned a half interest in the homestead with his wife and owned other real estate with her. He owned two automobiles. The minor child had become 17 years of age about a month before the trial.

◼ The trial court saw and heard the witnesses, and unless the decree is palpably wrong, we will not disturb it here. Winning v. Winning, 262 Ala. 258, 78 So.2d 303, and cases there cited.

◼ We have examined all the evidence and we are unable to say that either the alimony award or the award for the maintenance and education of the minor child are arbitrary and excessive. Crittenden v. Crittenden, 256 Ala. 219, 54 So.2d 489.

◼ Counsel for appellee has asked for a reasonable attorney's fee to be awarded for his services on this appeal. The fee of one hundred dollars is awarded. Frazier v. Frazier, ante p. 53, 134 So.2d 205; Gambrell v. Gambrell, 268 Ala. 671, 110 So. 2d 248.

Affirmed, and allowance made for an additional solicitor's fee.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.