233 So.2d 86

Eileen C. TAYLOR

v.

Mable E. PERRIGUEY, Admnx of the Estate of Irving G. Taylor, Deceased.

4 Div. 9.

Court of. Civil Appeals of Alabama.

March 11, 1970.

Charles T. Reese, Enterprise, for appellant.

No brief filed for appellee.

THAGARD, Presiding Judge.

This action originated as a divorce bill filed by Irving G. Taylor (since deceased) in the Equity Division of the Circuit Court of Coffee County, Alabama.

The bill of complaint was filed on October 19, 1968. The respondent filed an answer and cross-bill on November 7, 1968. On May 16, 1969, Judge Eris M. Paul, in response to a motion filed by complainant, made an order setting the cause down for hearing on June 16, 1969. On June 13, 1969, the parties filed a separation agreement, by the terms of which the appellant was to be awarded the custody and control of the minor son of the parties, and appellant was to be awarded $300.00 per month for the support of the child and $200.00

per month for the support of herself, with certain qualifications not herein important. On June 9, 1969, an order was made continuing the hearing to June 23, 1969.

On June 13, 1969, the appellant filed an instrument striking her cross-bill, agreeing that the cause be submitted immediately without further notice to her, and waiving her right to be present at the taking of the testimony and the submission.

The deposition of complainant was taken on June 13, 1969, and a final decree dissolving the bonds of matrimony and approving the separation agreement was entered by Judge Riley Green on July 17, 1969. From that decree, this appeal was taken and notice of appeal and security for costs were filed on August 15, 1969. We note parenthetically that Mabel E. Perriguey became one of the sureties on appellant's appeal bond.

On page 14 of the transcript appears what purports to be a copy of letters of administration on the estate of Irving G. Taylor, deceased, to Mabel E. Perriguey (presumably, the same Mabel E. Perriguey who became a surety on appellant's appeal bond and who, as administratrix, is the adversary appellee here). The purported copy of letters as they appear in the transcript is without certification by the probate judge and it bears no notation or statement that it was offered as an exhibit. The purported letters of administration were dated August 27, 1969, on which date a citation of appeal was issued to Mrs. Mabel E. Perriguey, administratrix of the estate of Irving G. Taylor, and served on the same day by the sheriff.

There is no evidence in the transcript that the complainant in the divorce suit is deceased except the unverified and unidentified copy of purported letters of administration above referred to. In appellant's Statement of the Case, in his brief, appears the unsworn statement that about a month and a half after the divorce was granted "Irving Taylor died and this appeal was taken within the statutory limit of sixty

days." The attorney for the appellant certified that he served a copy of his brief upon the Honorable Eugene Lane, attorney for the administratrix of the estate of Irving G. Taylor, deceased, appellee. But Attorney Lane has filed no brief in this court. From that we conclude that the administratrix of the estate of the deceased complainant is not too interested in opposing the appeal.

█ In spite of the failure of the transcript to reflect the proceedings that were had to comply with the requirements of Title 7, § 750, 1940 Code of Alabama, we assume from the fact that the register did, on August 27, 1969, issue a Citation of Appeal to Mabel E. Perriguey, Administratrix of the Estate of Irving G. Taylor, and had the same served by the sheriff, that satisfactory proof of the death of Irving G. Taylor and of the grant of letters of administration on his estate was made to the register; and we proceed on that assumption.

Assignments of Error I, II, and III go to the proposition that the evidence is insufficient to support the allegation that the complainant had been a bona fide resident of the State of Alabama for twelve months next preceding the filing of the bill; and that there is a fatal variance between the material allegations and the proof as to such residence.

This same proposition was raised in the case of Gee v. Gee, 252 Ala. 103, 39 So.2d 406, wherein our Supreme Court said, inter alia, as follows:

"The first question goes to the jurisdiction of the court over the subject matter, and the manner of raising it is not important. If the bill is insufficient in that respect, or if the evidence shows that the court is without jurisdiction of the subject matter, relief as to it will be denied.

"Residence under section 27, supra, not only must be alleged, but by its terms must be proved. But the argument over-looks the amendment to section 27, supra, by the Act of July 6, 1945 (see, General Acts 1945, page 691), by adding a proviso that 'the provisions of this section shall not be of force and effect when the court has jurisdiction of both parties to the cause of action.' We had occasion to consider that amendment in Jennings v. Jennings, [251] Ala. [73], 36 So.2d 236 [,3 A.L.R.2d 662]. We held that there was necessarily implied an exception to the effect of that proviso, for it cannot have operation if both parties were domiciled out of Alabama. The res over which the jurisdiction of the court is limited is the marital status of a citizen of Alabama. So that while the terms of the proviso do not so require, it is to be so treated to have any effect at all. In that case both parties were non-residents of Alabama. Therefore, we held that the proviso did not authorize the court in this State to grant a divorce. The parties cannot by consent confer such jurisdiction, nor can the legislature do so by an act, when the res is not within the power of State authorities.

"We are now confronted with the necessity for a further construction of the Act to determine whether under it, if one of the parties is a resident, and the other a non-resident, the court has jurisdiction. It is our view that if the court has jurisdiction over the res because the respondent is a resident of Alabama, it would be immaterial by virtue of the proviso whether the complainant was such a resident when the bill was filed, or that he had been for twelve months. In the instant case the court has jurisdiction of both parties, since the complainant submitted to its jurisdiction by filing the bill, and respondent was personally served in Alabama and appeared generally, and is a resident citizen of Alabama. Norris v. Norris, 224 Ala. 678, 141 So. 672.

"We know of no principle of law which would prohibit the legislature

from enacting such a law as the proviso, applicable only when one or both of the parties is a resident of Alabama when the bill was filed. By residence here we mean domicile, which embraces citizenship. It is firmly established by our decisions that residence in our divorce statutes means domicile. Ex parte Weissinger, 247 Ala. 113, 22 So.2d 510; Caheen v. Caheen, 233 Ala. 494, 172 So. 618. Such was the meaning of residence in section 27, supra, before 'citizen' was added by the Act of March 29, 1933 (see, Acts 1933, Ex.Sess., page 85). We do not think it is of controlling significance that by that amendment 'citizen' was added, and was carried into the amendment adding the proviso of July 6, 1945, whereas a similar amendment to section 29, Title 34, Code, was made, leaving it as it was as to residence. We think that in both instances the term means domicile, as we held it to mean as used in section 28, Title 34. We do not think it is of controlling importance whether a bill uses the word residence alone or adds to it citizenship or domicile. We think and construe it to mean the same whether in pleading or in a statute on that subject.

"So that if we assume that the evidence shows that complainant was a resident citizen of Mississippi when the bill was filed, it is still sufficient to sustain jurisdiction of the court since the bill makes the allegation which is sustained by the proof that respondent was a resident of Alabama at the time it was filed, meaning a resident-citizen * * *" (252 Ala. at pages 104 and 105, 39 So.2d at pages 407 and 408)

The court in the Gee case, supra, affirmed the lower court in holding that the proof of jurisdiction was sufficient and in granting the divorce.

In this case the appellant makes no point of the insufficiency of the evidence that the respondent (appellant here) was a bona fide resident of the state. In her answer and cross-bill she admitted the allegations as to ages and residences of both parties, and after having obtained what was evidently to her a satisfactory separation agreement as to child custody and child support and alimony, she dismissed her cross-bill but not her answer, and she further answered as follows:

"Further answering the Bill of Complaint, Respondent agrees that this cause be submitted to the Court without further notice to her; that she waives her right to be present at the taking of testimony and the submission of the cause for final decree and agrees and consents that said cause may be submitted for final decree immediately."

So, if the evidence was sufficient to establish that her domicile was Coffee County, Alabama (and we are not called upon to decide that it was not), the court had jurisdiction of the respondent, as well as of the res, and under the holding in the Gee case, supra, any defect in the proof as to the domicile of the complainant was of no importance. We, therefore, hold that there was no merit in Assignments of Error I, II, and III.

Assignments of Error IV, VI, and VII raise the question of the sufficiency of the proof of voluntary abandonment for the statutory period of one year. The only evidence offered was the deposition of complainant, the last paragraph of which reads:

"Eileen C. Taylor voluntarily abandoned my bed and board on July 11, 1967, without fault on my part. We have not lived together or in anyway recognized each other as husband and wife, since the date of said separation."

We are of the opinion and so hold that the foregoing uncontradicted testimony of the complainant constituted sufficient

**530**

evidence of statutory voluntary abandonment to support the decree that was granted by the trial court. Appellant says that no evidence was offered to establish that the abandonment was continuous for one year next preceding the filing of the bill. The bill of complaint was filed on October 19, 1968. The bill alleges that the abandonment occurred on July 11, 1967, and complainant in his deposition testified that the abandonment occurred on that date. We think that the uncontradicted statement that "We have not lived together or in anyway recognized each other as husband and wife, since the date of said separation" was sufficient proof that the abandonment was continuous for one year next preceding the filing of the bill. We conclude that Assignments of Error IV, VI, and VII are without merit.

Assignment of Error V says that the trial court erred in granting a divorce decree by failing to comply with the Rule of Exclusion, Code of Alabama, Title 7, § 372(1) and cites the Code section and one Alabama case (Conrad v. Conrad, 275 Ala. 202, 205, 153 So.2d 635) in support thereof.

We have carefully read and considered the *Conrad* case, supra. The opinion of the court contains no reference to the Rule of Exclusion. Justice Harwood in an opinion concurring specially, with Chief Justice Livingston concurring in the special opinion, eloquently inveighed against the Rule of Exclusion and advocated "extirpating" it. We fail to see the application of the opinion or the special opinion to the case at bar. Incidentally, all Justices agreed that in spite of the application of the Rule of Exclusion by the court below in ruling on objections of respondent's counsel, the evidence was sufficient to support the decree of divorce, and affirmed the same. We hold that Assignment of Error V is without merit.

The decree of the trial court is

Affirmed.