48

249 So.2d 869

Elaine K. CURRY

v.

Donald G. CURRY.

4 Div. 30.

Court of Civil Appeals of Alabama.

June 23, 1971.

Phillips & Funderburk, Phenix City, for appellant.

Charles L. Woods, Ozark, for appellee.

BRADLEY, Judge.

Appellant, Elaine K. Curry, filed suit for divorce against her husband in the Circuit Court of Dale County on the ground of cruelty. Appellee, Donald G. Curry, filed an answer and cross-bill. Thereupon, appellant demurred to the complaint and each aspect thereof. The demurrer was overruled; an answer was then filed.

On the day set for the hearing and at the commencement thereof, the appellant announced to the court that she was resting. No evidence was offered by appellant in support of her complaint.

The appellee then offered evidence in support of his cross-bill of complaint. Appellant's attorneys cross-examined these witnesses, but offered no evidence in rebuttal.

At the conclusion of the hearing, the court took the matter under advisement and subsequently rendered a decree in which it granted the relief prayed for in appellee's cross-complaint.

Motion for new trial was overruled.

Appeal to this court is from the decree on the merits.

■ Appellant assigns fifteen grounds of error, but argues only three of these assignments—twelve, fourteen and fifteen. The remaining twelve assignments of error not having been argued, are deemed waived. Supreme Court Rule 9.

Two issues are presented by the assignments of error argued in appellant's brief: (1) the ruling on the demurrer was erroneous, and (2) the decree was contrary to the great preponderance of evidence in the case and the law thereunto appertaining.

The first issue concerns the action of the trial court in overruling the demurrer filed by appellant to the cross-complaint.

The specific error referred to in brief is ground four of the demurrer, which asserts that the allegation of abandonment is improperly alleged, and therefore the demurrer should have been sustained.

The paragraph of the cross-complaint in question reads as follows:

" FOURTH

"Your Complainant respectfully avers that the said Respondent, has, subsequent to the marriage, become addicted to habitual drunkenness.

"He further avers that the said Respondent has voluntarily separated herself from the family home in Ozark, Alabama; that said abandonment was through no fault of your Complainant; that he was unable to ascertain her whereabouts for several days after she left, taking the family automobile with her; He avers that he has for the past year had the responsibility of the care, custody and control of the minor children of this marriage, the responsibility of providing their meals, their clothing and for their other needs; * * *"

■ The necessary ingredients to make out an acceptable allegation of voluntary abandonment are a final departure without consent of the other party, without sufficient reason therefor, and without intention to return, plus the date the departure took place and a statement that such departure occurred more than one year prior to the filing of the complaint. Fouts v. Fouts, 281 Ala. 220, 201 So.2d 56; Tinsley v. Tinsley, 271 Ala. 471, 124 So.2d 807; and Title 34, Section 20, Code of Alabama 1940, as Recompiled 1958.

Several of the ingredients mentioned above were missing from the so-called allegation of voluntary abandonment, and we think purposely so.

■ After reading the cross-complaint we are convinced, as we think the trial judge was, that the divorce was sought on only one ground, and that was habitual drunkenness.

And, after reading the record in this case, and particularly the evidence adduced at the hearing on the merits, we are convinced that the cross-complainant intended to pursue only one ground for divorce, and that was the one of habitual drunkenness. This is so because the main thrust of the testimony was directed toward the drinking habits of appellant.

Hence, we find that if the trial court did err in overruling the demurrer because of the failure of the complainant to properly aver the ground of voluntary abandonment, it is error without injury. Supreme Court Rule 45. This is so because the cross-complaint contained a good allegation of an authorized ground of divorce; there was ample evidence to support the allegation; and the decree was based on the allegations of the cross-complaint and evidence introduced in support thereof.

We are also of the opinion that the additional averments in paragraph 4 of the cross-complaint were intended to show that the wife was an unfit mother to have custody of the children, and that the husband was fit for the custody of them.

We are not convinced that appellee was trying to add the additional ground of voluntary abandonment to his complaint for divorce.

We find, therefore, that the cross-complaint sought a divorce only on the ground of habitual drunkenness. There was no effort to add the ground of voluntary abandonment.

The demurrer was properly overruled.

■ The second issue raised in this appeal is that the evidence does not support the decree of the trial court.

On review of a divorce case based on this objection, the presumption is that the decree is correct unless it be clearly shown that it is plainly and palpably wrong. Isom v. Isom, 273 Ala. 599, 143 So.2d 455.

Further, where the evidence in a divorce case was heard ore tenus, the findings of the court are to be accorded the weight of a jury verdict. Russell v. Russell, 45 Ala. App. 255, 229 So.2d 30.

The appellant presented no evidence either in support of her complaint or in rebuttal to the evidence offered by appellee.

The evidence introduced by appellee as to appellant's drunkenness occurring after the marriage and continuing up to the filing of the cross-complaint was sufficient to meet the requirements of Title 34, Section 20, supra.

The testimony of the appellee, which was undisputed, was to the effect that since their marriage, and especially in the last three to five years, the appellant had consumed "numerous cases" of whiskey.

In the years since 1967 appellee stated that his wife drank intoxicating beverages nearly every day, not only in the evenings, but during the daytime hours.

The appellee related several episodes when appellant's drinking was so heavy that she had to be taken home, or she had to be found and returned home.

Appellee further testified that while under the influence of these intoxicating beverages, appellant would argue violently and long with him, and abuse her two children.

The evidence was sufficient to show that intoxication had become a habit and way of life for the appellant, and as a result, the appellee was not only left with the responsibility of earning a living for himself and his children, but also cooking for them, seeing that they had clean clothes, that they attended school and church, and meeting the various other responsibilities of a parent.

In State ex rel. Attorney General v. Savage, 89 Ala. 1, 7 So. 7, the Supreme Court defined "habitual drunkenness" as follows:

"*Drunkenness* is that effect produced on the mind, passions, or body, by intoxicants taken into the system, which so far changes the normal condition, as to materially disturb and impair the capacity for healthy, rational action or conduct; which causes abnormal results, or such as would not ensue, in the absence of the intoxicants—the changed effect produced by the immoderate, or excessive use of intoxicants, as contrasted with normal *status* and conduct.

"*Habit* is customary state, or disposition, acquired by frequent repetition; aptitude by doing frequently the same thing; usage; established manner. When a person has repeatedly acted in a particular way, at intervals, whether regular or irregular, for such length of time as that we can predicate with reasonable assurance that he will continue so to act, we may affirm that this is his habit."

We find that the evidence contained in the record before us on this appeal amply supports the decree of the trial court that a divorce should be granted to the appellee, and we cannot say that said decree is plainly and palpably incorrect.

There being no reversible error in the record of this case, it is affirmed.

Affirmed.