WRIGHT, Presiding Judge.
This is an appeal by the wife and cross-appeal by the husband from the alimony provisions of a judgment of divorce. The issue in each appeal is whether the trial court abused its discretion in the grant of alimony.
The parties were married for some fifty years. They reared three sons of their own and a daughter of the wife by a prior marriage. The husband is seventy-eight and the wife is seventy-four years of age.
Prior to selling, the husband was for many years in the lumber and building business. In recent years, he was very successful in business and accumulated a sizea-ble estate. He freely shared good fortune with his wife while she maintained the home. Prior to the separation, they had enjoyed a very comfortable style of living. We set out hereafter a compilation of the assets (stipulated or undisputed) owned by each after the divorce decree. It is stipulated that the assets of the wife were derived from the earnings of the husband.
ASSETS OF RUTH A. WELLS
Certificates of Deposit $110,000
Savings account (Union Bank) 31,000
Checking account (UBT) 7,000
Alabama Power Company bonds 10,000
Southern Company stock (200‘ shs) 3,400
1971 Cadillac automobile 4,000
Jewelry (appraised value) 88,425
Furs (appraised value) 4,900
Fine arts 18,400
Silver 20,254
Cash surrender value of life insurance 7,986
Lots in Florida 18,000
Furnishings in house 76,000
Residence, formerly jointly owned by parties 140.000
$539,365
ASSETS OF J. W. WELLS. SR.
Certificates of deposit & DeLoach note $425,000
Wells-Pinkston Building 40,000
First National Bank of Mobile stock 3,888
Lots in Mississippi 12,500
Ford automobile 3,000
ASSETS OF J. W. WELLS. SR. — Cont’d.
Crescent Corporation 437
Cash in bank ’ 12.000
$496,825
In 1950, the husband began an extra-marital affair with his secretary which he admits lasted for some twenty years. Their sexual relationship ended with a prostate operation in 1971. He still employs the secretary and they have a social relationship outside of business hours. The wife has known of the affair with the secretary for many years but testified she endured it for the sake of the children. However, her forbearance ended in 1976 when she learned that the husband had endorsed the application of the secretary for membership in a country club. This knowledge apparently precipitated separation and action for divorce by the wife.
After oral hearing the court granted a divorce without stating a ground on April 3, 1978. The judgment vested title to the real and personal property respectively as indicated by the compilation set out above. The husband was ordered to pay the wife $1,200 in monthly alimony beginning May 1, 1978. He was required to maintain Blue Cross coverage on the wife, pay the costs of court and $5,381.15 to the wife’s attorney for his service and expense.
After hearing and argument on a motion for new trial filed by the husband, the court on July 7, 1978 reduced the previously ordered monthly alimony of $1,200 to $750 effective October 1, 1978.
The wife appeals from the judgment of July 7, 1978 and submits the issue of whether the reduction from the original award of $1,200 per month to the amount of $750 per month constituted an abuse of discretion. We hold that the reduction was not an abuse of discretion.
It is evident that the grant of $1,200 per month as alimony was based upon the testimony that such monthly sum had been given by the husband to the wife for several years to operate the household wherein they both lived. In view of the large estate of *730 the wife with an annual income of some $15,000, without reduction of the estate, this court cannot find that the court abused its discretion by the reduction. The fact that the setting of the award came after reconsideration of the testimony is of no consequence. The court was empowered to reconsider its original judgment and enter a new judgment upon the timely motion of defendant. Rule 59, ARCP.

Cross-Appeal

Defendant on his cross-appeal contends that the court abused its discretion in requiring payment of alimony in any amount and in vesting title to the home entirely in the plaintiff.
The evidence disclosed that many years ago the defendant made the plaintiff a partner in his business. Though defendant operated the business as he saw fit without any active participation by the wife, she apparently was on record as a partner. When the partnership later acquired stock in corporations, she was the owner of a portion of such stock. When the stock was subsequently sold, she received or was credited with a share of the funds from the sale. Though it is acknowledged that most of the assets of the wife shown by the compilation set out above were realized through the business acumen and active management of the affairs of the partnership by defendant, such assets were in law the separate property of the plaintiff before the decree of the court. Even the defendant recognized that fact. It is accurate to say that the only asset of the wife listed above in which defendant claims any interest is the home and perhaps its furnishings. He has apparently long recognized all the other property, real and personal, to be plaintiff’s separate estate and the income therefrom to be hers to do with as she pleased. He recognized his obligation to provide support of the domicile from his own income.
The common-law obligation of the husband to support his wife from his own funds is derived from the marital relationship and does not end with a divorce. Davis v. Davis, 279 Ala. 643, 189 So.2d 158 (1966). Though the wife may have a separate estate, so large as to be sufficient to provide some support, it is not conclusive of her right to alimony. If her estate does not provide income to maintain her in the manner to which she is accustomed, she is not required to change the nature of the corpus of her estate. Steiner v. Steiner, 254 Ala. 260, 48 So.2d 184 (1950). If the husband has the financial ability to provide alimony, particularly when he has been guilty of wanton conduct in the marriage, the award of alimony may be liberal. Isom v. Isom, 273 Ala. 599, 143 So.2d 455 (1962).
We know of no comparable case recorded in this state where the wife had a separate estate of the magnitude of Mrs. Wells, derived from her husband’s business efforts prior to a division of property by the court. It is evident that the estate of the wife, even without further conversion into an income producing state, can provide income sufficient to sustain her in a moderate standard of living. Whether it is sufficient to sustain her in the manner to which she was accustomed during her marriage is a question of fact for the trial court. That court has determined that she is entitled to contribution from defendant in the monthly sum of $750. The husband’s income from his estate is sufficiently large to afford the ordered payment of alimony. Upon review we cannot reverse the court’s exercise of discretion because it is not so contrary to or unsupported by the evidence as to be clearly wrong and unjust. Watson v. Watson, 45 Ala.App. 306, 229 So.2d 807 (1969). We therefore affirm the judgment of the trial court.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.