MOORE, Judge.
Tyler Kean (“the husband”) appeals from a divorce judgment entered by the Baldwin Circuit Court (“the trial court”), arguing that the trial court erred in failing to include all the income of Christine Kean (“the wife”) when calculating child support and in awarding the wife periodic alimony. The wife cross-appeals, arguing that the trial court, erred in failing to include all the income of the husband when calculating child support.

Background,

0n February 10, 2010, the wife filed a complaint seeking a. divorce from the husband. . After protracted proceedings, the trial court entered a final judgment on September 4, 2014, which, among other things, awarded the wife sole physical custody of the parties’ three minor children, awarded the wife $1,250 per month in child support, and awarded the wife $2,200 per month in periodic alimony. The husband timely appealed on October 14, 2014. The wife timely cross-appealed on October 16, 2014.
In its final judgment, the trial court explained that it had followed Rule 32, Ala. R. Jud. Admin., in computing its child-support award. The trial court determined that the husband was receiving $80,000 per year in annual income and imputed monthly income of $628 to the wife based on its finding that she could work 20 hours per week at minimum wage. The trial court did not explain how it calculated the periodic-alimony award:

Analysis

I... Child Support
The husband argues that, in calculating child Support, the trial court erred in failing to include the wife’s trust income. The wife testified that she receives $3,000 per month from a trust established by her father. Rule 32(B)(2)(a), Ala. R. Jud. Admin., expressly provides that “trust income” should be included in “gross income” when computing child support. In the forms -used by the trial court to determine child support, the trial court did not include the wife’s trust income. The wife concedes in her appellate brief that the trial court, should have included the trust income.[1] Thus, we conclude that the trial court erred in failing to include the wife’s trust income when calculating child support. .
The wife complains that the $80,000 in annual income the trial court attributed to the husband did not include expense reimbursements the husband received from the restaurant he operates as a sole proprietorship. Rule 32(B)(4), Ala. R. Jud. Admin., . provides: . “Expense reimbursements or in-kind payments received by a parent in the course of employment, self-employment, or operation of a business shall be counted as income if they are significant and reduce personal-living expenses.” See also Rule 32(B)(3) (defining “self-employment income”). A certified public accountant retained by the wife testified that, based on a review of the financial records from the husband’s restaurant generated between 2007 and 2012, the husband. had received an average annual income from that business of $174,245, which income included payments from the business to cover some of the parties’ personal expenses. The accounting expert retained by the husband agreed that the husband *64 had received $174,425 per year as the wife’s accountant had determined. The husband estimated that he earned only $80,000 per year in gross income from the business, but he did not dispute that the business had paid additional personal expenses for him as the experts testified.
At the close of the trial, the trial court informed the parties that it intended to use $80,000 as the husband’s gross income for child-support purposes. The wife’s counsel noted that both experts had testified that the husband had actually received “$176,000 a year” from the business. The trial court then stated:
“I’ll allow that to come back up in [a] Motion to Alter, Amend or Vacate. I can’t put my hands on any testimony that came out at this moment. That is what I have been looking at the past hour. I have cash flow. I don’t have those specific connections. This Cash Flow does not indicate that. For right now ... this is what I’m calculating it on. $80,000 a year_”
The wife did not file a postjudgment motion, so the trial court did not have an opportunity to reconsider its ruling. However, the issue is properly before this court. See Rule 52(b), Ala. R. Civ. P.; and Weeks v. Herlong, 951 So.2d 670 (Ala.2006) (although trial court did not make written findings of fact in nonjury case, its statements from the bench at the conclusion of trial sufficiently set forth factual basis of judgment so that appellant was not required to file postjudgment motion in order to preserve sufficiency-of-evidence argument).
We agree with the wife that the trial court erred in failing to consider all the income the husband received from his business when determining child support. Therefore, we reverse that aspect of the judgment awarding child support and remand the cause for the trial court to redetermine the amount of child support in accordance with this opinion.
II. Periodic Alimony
The husband argues that the trial court erred in awarding the wife any periodic alimony. The husband contends (1) that the wife did not show a need for support and (2) that the record shows that he does not have the ability to pay the wife the $2,200 per month in periodic alimony as ordered by the trial court. In the judgment, the trial court simply awarded the wife $2,200 per month in periodic alimony without making any findings of fact. At the close of the trial, the trial court addressed its award by saying:
“I am — I am going to offset [the wifej’s expenses in the form of permanent periodic alimony, and that will be in the amount of $2,200.00 a month. And that does not take into consideration the car payment. I pulled that out because that was testified to earlier. I had actually not included that. And that will be the total amount there.”
Those statements indicate that the trial court determined that the wife needed periodic alimony to pay her living expenses, except for her automobile payment, and that the trial court determined that an award of $2,200 a month would be sufficient to meet those needs.[2] Thus, this *65 court may review the evidence to determine if it sufficiently supports those findings. See Weeks, supra. The trial court, however, did not specifically find that the husband had the ability to meet those needs as well as the other obligations imposed on. him in the divorce judgment. See Shewbart v. Shewbart, 64 So.3d 1080, 1088 (Ala.Civ.App.2010). The husband did not point out that omission to the trial court or otherwise argue that the evidence failed to support any implicit finding that he could afford to pay the periodic-alimony award. Thus, we cannot consider any issue regarding the alleged inability of the husband to pay the periodic-alimony award, which the husband raises for the first time on appeal. See New Props., L.L.C. v. Stewart, 905 So.2d 797, 801-02 (Ala.2004) (“[I]n a nonjury case in which the trial court makes no specific findings of fact, a party must move for a new trial or otherwise properly raise before the trial court the question relating to the sufficiency or weight of the evidence in order to preserve that question for appellate review.”). See also Cooper v. Cooper, 160 So.3d 1232 (Ala.Civ.App.2014); and Rieger v. Rieger, 147 So.3d 421, 429 (Ala.Civ.App.2013).
Periodic alimony is intended as income to be payable from one spouse to another to enable the recipient, spouse, to the extent possible, to maintain his or her standard of living as it existed during the marriage, i.e., the “economic status, quo.” Orr v. Orr, 374 So.2d 895, 897 (Ala.Civ.App.1979). In order to obtain periodic alimony, a petitioning spouse must demonstrate “a need for continuing monetary support to sustain the former, marital standard of living that the responding spouse can and, under the circumstances, should meet.” Shewbart, 64 So.3d at 1087.
“A petitioning spouse proves a need for periodic alimony by showing that without such financial support he or she will be unable to maintain the parties’ former marital lifestyle. As a necessary condition to an award of periodic alimony, a petitioning spouse should first establish the standard and mode of living of the parties during the marriage and the nature of the financial costs to the parties of maintaining that station in life. The petitioning spouse should then establish his or her inability to achieve that same standard of living through the use of his or her own individual assets, including his or her own separate estate, the marital property received as part of any settlement or property division, and his or her own wage-earning capacity, with the last factor taking into account the age, health, education, and work experience of the petitioning spouse as well as prevailing economic conditions, and any rehabilitative alimony or other benefits that will assist the petitioning spouse in obtaining and maintaining gainful employment. If the use of his or her assets and wage-earning capacity allows the petitioning spouse to routinely meet only part of the financial costs associated with maintaining the parties’ former marital standard of living, the petitioning spouse has proven a need for additional support and maintenance that is measured by that shortfall.”
Shewbart, 64 So.3d at 1087-88 (citations omitted).
The wife submitted an exhibit itemizing her- monthly expenses, which' included costs associated with caring for the parties’ children and which totaled approximately $7,315 per month. The husband maintains that the cost of automobile payments, rent, and country-club membership dues, which were all included on the wife’s *66 exhibit, should not be considered because, he says, the evidence showed that the wife was no longer incurring those expenses at the time of the trial. However, the starting point in calculating periodic alimony is the financial costs of maintaining the marital standard of living, not the actual cost of the postmarital standard of living. See J.D.A. v. A.B.A., 142 So.3d 603, 620-21 (Ala.Civ.App.2013) (Moore, J., concurring in part, concurring in the result in part, and dissenting in part). Thus, in the absence of another objection from the husband, we consider $7,315 per month to be the proven costs of the wife’s marital standard of living.
The husband argues that the wife can satisfy her and the -children’s monthly financial needs through her trust income, her wage-earning capacity, child support, and the liquid assets that she obtained through the divorce judgment,' which amount to approximately $110,000. We disagree. Upon receipt of the trust income and the child support,[3] as well as factoring in her wage-earning ability, the wife would still have a shortfall approximating $2,200 per month. The wife could meet that shortfall by using the approximately $110,000 she should receive from the property division, but, assuming she devoted all of that property settlement to maintain the marital standard of living, the wife, who was 39 years old at the time of the trial, would consume that entire amount in a little over four years and would still have a long life expectancy ahead of her. See Body v. Body, 47 Ala.App. 443, 256 So.2d 184 (Ala.Civ.App.1971) (where, without significant award of peri-odie alimony, former wife would be forced to deplete her share of marital estate in a short time, leaving her no estate and no long-term means .of support, trial court erred in awarding former wife only $1 per month in periodic alimony).
“Periodic alimony is completely a creature of legislative design.” J.L.M. v. S.A.K., 18 So.3d 384, 390 (Ala.Civ.App.2008). Section 30-2-51(a), Ala.Code 1975, the operative statute in this case, provides, in part:
“If either spouse has no separate estate or if it is insufficient for the maintenance of a spouse, the judge, upon granting a divorce, at his or her discretion, may order to a spouse an allowance out of the estate of the other spouse, taking into consideration the value thereof and the condition of the spouse’s family.”
In Steiner v. Steiner, 254 Ala. 260, 48 So.2d 184 (1950), Mr. Steiner argued that Mrs. Steiner, as the owner of an automobile, various stocks, jewelry, insurance, and other financial assets, could support herself using those, assets and, thus, that her separate estate was not “insufficient for [her] maintenance” within the meaning of a predecessor statute to § 30-2-51(a). Our supreme court disagreed, stating:
“Without question [Mrs.] Steiner has a separate estate. Has she an estate sufficient for her maintenance? What is the proper construction to be placed on the words ‘insufficient for her maintenance’?
‘We cannot agree with the interpretation of [Mr. Steiner]. Tendencies of evidence in this case show that such estate as [Mrs. Steiner] may own is an unpro *67 ductive estate at this time. It does not produce an income on which she can-live and certainly does not produce an income on which she can live in the manner to which she has been accustomed. If an estate produces no income or an income on which the wife cannot subsist in the manner to which she is accustomed, then wé consider that her separate estate is insufficient for her maintenance. Under the circumstances here shown a wife should not be deprived of alimony under the foregoing statute because by selling the corpus of her estate she may thereby maintain herself. The statute does not contemplate that a wife shall take her jewels for example and sell or pawn them in order to live. This would be a harsh interpretation of the statute with which we cannot agree.
“We are impressed with the construction placed on the Kentucky statute by the courts of that state. The statute is that, ‘If the wife does not have sufficient estate of her own she may, on a divorce obtained by her, have such allowance out of [the estate] of her husband as the court considers equitable’. [Ky.Rev. Stat.] 403.060. The court said: ‘The interpretation of “sufficient estate of her own” is that it shall be of such character and amount as will yield income or profits sufficient for her comfortable maintenance in a style suitable to her social standing. What her standard of living would have been had she remained the wife of the defendant is an important consideration. Kelly v. Kelly, 183 Ky. 172, 209 S.W. 336 [ (1919) ]. The statute does not contemplate that no allowance shall be made out of the husband’s estate if the wife could maintain herself by consuming her principal.... ’ Barnett v. Barnett, 292 Ky. 840, 168 S.W.2d 17, 18 [ (1942) ].”
254 Ala. at 265-66, 48 So.2d at 188-89.
Unlike in Steiner, the property awarded to the wife in this case constitutes $110,000 in liquid assets to which the wife should have immediate access; however, the principle from Steiner remains the same. The wife should not be compelled to consume the principal of her property-distribution award in order to maintain the lifestyle to which she had become accustomed during the marriage. See Wells v. Wells, 366 So.2d 728 (Ala.Civ.App.1979) (wife with substantial liquid assets that produced income sufficient to meet some financial needs of wife was not required to reduce the corpus of her separate estate in order to meet other financial costs of marital standard of living). In Shewbari, this court stated that a trial court must consider the ability of a petitioning spouse to “to achieve that [marital] standard of living through the use of his or her own individual assets, including ...' the marital property received as part of any settlement or property divi-sion_”64 So.3d at 1088 (emphasis added). We did not by that statement intend to depart from the holding in Steiner. Arguably, according to Steiner and Shewbart, the trial court could have considered interest income resulting from the investment of the funds derived from the liquid assets in quantifying the financial need of the wife, see also Body, 47 Ala.App. at 448, 256 So.2d at 188 (considering' interest income from savings account when determining financial needs of former wife); and Wells, supra, but neither party presented any evidence in that regard.
We conclude that the trial court acted within its discretion in awarding the wife $2,200 per month in periodic alimony. See Payne v. Payne, 48 So.3d 651, 655-56 (Ala.Civ.App.2010). Thus, we affirm that part of the judgment awarding the wife periodic alimony.
APPEAL — AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
*68 PITTMAN, THOMAS, and DONALDSON, JJ., concur.
THOMPSON, P.J., concurs in part and concurs in the result in part, with writing.
CROSS-APPEAL — REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, THOMAS, and DONALDSON, JJ., concur.
THOMPSON, P.J., concurs in the result, with writing.

. The wife asserts at one point in her brief, that the trial court speculated by imputing wage income of $628 per month to her, but the wife does not develop that argument sufficiently to comply with Rule 28(a)(10), Ala. R.App. P., so we do not consider that argument further. See Board of Water & Sewer Comm’rs of City of Mobile v. Bill Harbert Constr. Co., 27 So.3d 1223, 1261-62 (Ala.2009).

. In its judgment, the trial court specifically stated that it intended to divide the marital property "in an equal, 50/50 basis.” A trial court may order alimony in gross in order to effect an equitable property division, especially when liquidation of marital assets is not practicable. See Hager v. Hager, 293 Ala. 47, 54, 299 So.2d 743, 749 (1974). In fact, in this case, the trial court did award the wife the sum of $28,000 "representing property division,” stating: "This amount is needed to be given to the [wife] to equalize value.” That award is separate from the award of periodic alimony, which is the only alimony *65 provision that this court has been asked to review.

. Ordinarily, we could not consider child support when determining the wife’s need for periodic alimony. However, in this case, the wife included some of the costs of child care in her expense exhibit, so we consider that the child-support award will address those costs. However, we recognize that the trial court reasonably could have determined that the wife did not list all the costs for child care and that some portion of the child support awarded would be devoted to those unlisted costs, so we do not consider the entirety of the child-support award when assessing the economic needs of the wife.