189 So.2d 158

**Margaret S. DAVIS**

v.

**Arthur C. DAVIS.**

**7 Div. 695.**

Supreme Court of Alabama.

June 30, 1966.

Roy D. McCord, Gadsden, for appellant.

Jas. F. Hinton, Gadsden, for appellee.

GOODWYN, Justice.

The wife brings this appeal from a final decree of divorce in favor of the husband on the ground of voluntary abandonment. The decree also awards the husband custody of the parties' twelve-year old daughter, "subject to the defendant's right of visitation at reasonable times and places," and the use and benefit of the parties' jointly owned home in Gadsden "as a home for the minor child of the parties * * * for such time as the minor child shall attain the age of twenty-one years, marry or become self supporting."

The wife filed a cross-bill seeking a divorce on the ground of cruelty, custody of the child and the vesting in her of full title to the property in Gadsden and also to jointly owned property in Cherokee County. The husband also sought to have the full title to both pieces of property vested in him. The decree does not deal specifically with this phase of the case. There is no mention in the decree of the Cherokee County property. The wife was denied relief on her cross-bill.

The evidence was taken orally before the register, who made no findings.

■ After considering the evidence, we cannot say that the trial court erred in granting a divorce in favor of the husband and in denying a divorce in favor of the wife.

■ Since the divorce is grounded on the wife's voluntary abandonment, it was not error to award custody of the child to the husband. Code 1940, Tit. 34, § 35, provides that "in cases of abandonment of the husband by the wife, he shall have the custody of the children after they are seven years of age, if he is a suitable person to have such charge." There is evidence that the husband is a suitable person to have the child's custody. It is not contended otherwise.

■ The only other question before us is whether it was error to award the husband the use of the Gadsden property as a home for the child. Our view is that it was. In effect, the wife, to the extent of her one-half interest in the Gadsden property, is being required to contribute towards the maintenance and support of the husband. Since the evidence clearly shows that the husband is well able to care for himself and the child, no question is presented as to the duty, if any, the wife might have to maintain and support an indigent husband.

■ In the absence of a statute so providing there is no authority in this state for awarding alimony against the wife in favor of the husband. See: Atkins v. Curtis, 259 Ala. 311, 315, 66 So.2d 455; 24 Am.Jur.2d Divorce and Separation, § 527, p. 651; 27A C.J.S. Divorce § 204, p. 886. There is no statute in this state authorizing such award. The statutory scheme is to provide alimony only in favor of the wife. Code 1940, Tit. 34, §§ 30, 31. These sections provide for an allowance to the wife for her support pending a suit for divorce (§ 30) and an allowance to the wife on a decree of divorce (§ 31). There is no provision for an allowance to the husband out of the wife's estate. The basis for these statutes is the common-law obligation of a husband to support his wife. See: Hawkins v. King, 228 Ala. 199, 200, 153 So. 283; Davies v. Davies, Fla.Ct.App.3d, 113 So.2d 250; Annos.: "Husband's right to alimony, maintenance, suit money, or attorneys' fees," 66 A.L.R.2d 880; 24 A.L.R. 491.

The decree is affirmed except as to the provision awarding the Gadsden property to the husband for the use of the minor child. As to the exception, the decree is reversed and the cause remanded so that this provision can be stricken from the decree.

Affirmed in part, reversed in part, and remanded.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.