256 So.2d 184

Geanie L. BODY

v.

Hoyt C. BODY.

7 Div. 36.

Court of Civil Appeals of Alabama.

Dec. 22, 1971.

Thomas E. Davis, and Burns, Carr & Shumaker, Gadsden, for appellant.

Copeland & Copeland, Gadsden, for appellee.

**WRIGHT, Judge.**

Suit for divorce was filed by appellant, Geanie L. Body, in the Circuit Court of Etowah County, In Equity. As a part of the bill of complaint, it was alleged that the parties jointly owned with right of survivorship, certain real property, including the homeplace and certain lots, improved and unimproved. Appellant sued for a divorce on the ground of cruelty and prayed that the court would grant her a divorce and award to her the interest of appellee in all the real property, reasonable alimony and attorney fees.

Appellee filed a cross-complaint for a divorce on the ground of cruelty and asked that the real property be divided between the parties. There were various other requests regarding awarding of personal property, relation of which is not material to this appeal. The decree granted a divorce to appellant on the ground of cruelty.

Final decree was rendered on April 12, 1971. After denial of a motion for rehearing, appellant appealed.

The court effected a division of the real property jointly owned with right of survivorship. The homeplace of the parties was given to appellant. All other real property was given to appellee. The title to the property given to each was made complete by divesting from one and investing in the other.

After dividing certain personal property the decree granted to the wife alimony in the amount of $1.00 per month, assessed the cost equally and refused to grant to appellant any attorney fees.

There were eight assignments of error, all attacking the decree in various aspects. None of the errors assigned are specifically referred to in brief by number. From consideration of argument in brief of appellant it appears that the matters complained of in the decree are in fact as follows: (1) The court erred in divesting from appellant her title or interest in the jointly owned real property and investing same in appellee; (2) The court erred in failing to grant alimony to appellant in a sum greater than $1.00 per month. We shall consider appellant's argument upon these two aspects in the order we have given them.

Appellant contends the trial court erred in divesting the title of appellant in any of the jointly owned property and investing the same into appellee because such is contrary to the rule of Davis v. Davis, 279 Ala. 643, 189 So.2d 158. We do not agree with appellant's contention.

The theory of appellant is that the giving to appellee of appellant's interest in jointly owned property amounts to requiring appellant to pay alimony to her husband. It is the case law of this state that in the absence of a statute authorizing it, an award of alimony to the husband from the wife may not be granted. Such rule was the basis of the decision in Davis v. Davis, supra. Though we may disagree with the propriety of such law in this day when women are empowered and able to accumulate in their own name, large estates both real and personal, we are bound by it until change occurs either by statute or decisions of the Supreme Court.

However, we do not consider such rule applicable to the instant case. Nor do we construe Davis v. Davis, supra, to apply here. *Davis* did not involve a division of property or a property settlement between the parties. It only involved a decree providing for the use of jointly owned property by the husband as a home for himself and the child to which he had been given custody.

To apply *Davis* as literally as contended by appellant would prohibit a court from directing a division of property jointly owned by parties to a divorce action, even though its jurisdiction were properly invoked for such purpose. A division by the court in a divorce decree of jointly owned property by way of a property settlement, or for the purpose of providing an award of alimony in gross to the wife has always been available in this state. Wood v. Wood, 263 Ala. 384, 82 So.2d 556; Weems v. Weems, 255 Ala. 210, 50 So.2d 428; Speegle v. Speegle, 251 Ala. 525, 38 So.2d 339.

There has been some problem presented as to division of property jointly owned with right of survivorship in a divorce action since the decision in the case of Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565. However, such problems were resolved by the subsequent decisions in the cases of Owens v. Owens, 281 Ala. 239, 201 So.2d 396 and Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308. These cases specifically provided for division of property jointly owned with right of survivorship in a divorce action if the jurisdiction of the court was properly invoked for that purpose.

The jurisdiction of the court to effect a division of property was invoked in this case, both by appellant's bill of complaint and by appellee's cross-complaint. The decree of the court directing such division was in no way opposed to the rule of Davis v. Davis, supra, and did not constitute the granting of alimony to the husband from the estate of the wife. The question of fact as to whether it was a proper division is not before us. Assignment of Error One is not well taken.

Consideration of Assignment of Error Two as we have designated it, and which charges error in the decree failing to grant alimony of more than $1.00 per month, requires that we examine the decree in its entirety and the evidence from which it arose.

The parties had been married for some thirty years. Five children resulted from the marriage, all of whom had reached maturity and gone their separate ways prior to the bringing of the suit for divorce. Through their hard work and joint efforts a sizable estate, both real and personal, had been accumulated. This estate consisted of a home and several residential lots, some of which had been improved by building small rental houses on them. Two lots and houses had been given or sold to two of the children. Approximately $18,000 had been accumulated and placed on savings in joint accounts. The husband is a locomotive engineer for Republic Steel Corporation in Gadsden and is within five or six years of retirement. He has worked hard and accepted much overtime. It is admitted that the wife has worked equally hard and assisted him in saving and accumulating their estate. It was only shortly before the filing for the divorce that any serious discord arose between this husband and wife.

We feel compelled to comment here that it is extremely sad that two such hard-working companions, after rearing five children and accumulating assets with which to live their declining years, should now have become so incompatible as to feel it necessary to divide their lives and estate. It appears to us that now should be the time to cleave more closely together and enjoy the fruits of their labor. Surely such was the purpose of it all. We would remind Mr. and Mrs. Body that even now, it is not too late.

The decree of the court gave to appellant the home valued at $12,000 and without encumbrance. In addition, she was given necessary furniture and a savings account of $12,000. The husband was given all the remainder of the real property, some of which produced rental of approximately $65 per month. He was given two pickup trucks with camper bodies, and other personal property. He had prior to the filing of the divorce petition, withdrawn from the savings some $6,000. The evi-

dence disclosed that the husband's income from his job ranged from a net of $110 per week up to $165 per week. The wife had no job nor was she qualified for work other than housework. She has no income nor income producing property other than interest from the savings account of some $52 per month. She was given only $1.00 per month alimony.

From our consideration of the evidence and the decree, we can find no fault with the court's action in the property settlement. We view the decree with all presumptions of its correctness, realizing that the evidence was heard orally by the court. It is the law of this state that on appeal we view a decree rendered after hearing ore tenus as if it were a jury verdict, and will reverse such decree only if after considering all the evidence we conclude that it is clearly and palpably wrong. Bonds v. Bonds, 234 Ala. 522, 175 So. 561; Powell v. Powell, 285 Ala. 230, 231 So.2d 103; Killingsworth v. Killingsworth, supra. We further review this case under the principle that the awarding of alimony to the wife is largely discretionary with the trial court, but the exercise of such discretion is judicial and must not be arbitrary. It is subject to review on appeal. Hewitt v. Hewitt, 285 Ala. 516, 234 So.2d 283; Sides v. Sides, 284 Ala. 39, 221 So.2d 677.

After reviewing the evidence and the decree as hereinbefore related, we are convinced that the decree granting appellant only $1.00 per month was arbitrary and was, in effect, a failure to grant alimony at all. There is no indication in the decree that the granting to appellant of the savings account in the amount of $12,000, was in any manner an award of alimony in gross. Had it been so designated in the decree, it would not have been properly so.

Appellant already had at least a one-half interest in the total savings when the difficulty began between the parties. It was all in joint accounts and totalled over $18,000. The grant of the home to appellant was offset by the giving of the other real property and the larger share of the personal property to appellee. Such personal property included two trucks and camper bodies, which according to the evidence of appellee were of value collectively of near $5,000. Appellee received, according to our rough calculation, including the $6,000 in savings, personal property of substantially equal value to the $12,000 and other personal property given to the appellant. The home given to appellant was substantially equaled by the real property given to the appellee, including the approximately $8,000 value of the house and lot jointly owned by the daughter upon which there was being paid $35 per month. Thus it appears to us, the wife, who was determined to be the aggrieved party in the divorce, was given in the property settlement only approximately one-half of the assets of the parties. This much she already had by vested title and joint account.

We realize that the allowance of nominal alimony left jurisdiction of the court open for modification upon petition based upon a change of circumstances, but such action is of no value to appellant for present maintenance and support. It is clear the only support available to her from the awards given would be from the principal of the savings account. The evidence indicated she was not capable of reasonable gainful employment and production of a means of support. The decree thus would require her to deplete her share of the estate in a short time leaving her without an estate nor means of support. Appellee at the same time, earning a substantial income, could maintain without depletion his share of the estate and improve and add to it.

It was undisputed that the health of appellant was not good and that she required regularly drugs and medical care. She has no medical insurance and divorce will remove her right to Social Security or other benefits accruing to a wife from a husband.

Though under our law, an allowance of alimony to a divorced wife is not a

statutory matter of right, the authority to grant such alimony is vested in a court of equity upon a showing of need and ability to pay. Such authority arises from the marital relationship and the obligation assumed by the husband to support his wife.

 The failure to exercise its judicial discretion when the need of the wife and the ability of the husband to pay is indisputably shown, is arbitrary and capricious, especially if the divorce be granted upon the misconduct of the husband. We hold the failure of the court to grant a reasonable sum to the wife as alimony from the income of the husband in this case to be an abuse of judicial discretion.

The evidence as to the income of the husband and as to his ability to pay is ·clear. In fact, giving full credit to appellee, the record discloses that he stated that he wished to provide reasonably for the support of his wife. With the evidence undisputed before us that the husband nets at least $110 weekly and more often substantially more, and it further appearing undisputed that the appellant in order to maintain herself in the manner to which she has become accustomed, requires $200 to $250 per month, we find no necessity to remand this matter for further hearing on the allowance of alimony. It appears that the income from the savings account of appellant, if the principal remains as at present, is approximately $50 per month. It is likely that such principal will necessarily be depleted from time to time for necessities. However, assuming its continuity at present level producing an income of $50, we are of the opinion that an additional sum of $200 per month is just and reasonable to both appellant and appellee. We therefore reverse the decree of the trial court as to the "Fifth" paragraph thereof and render that which the trial court should have rendered from the evidence. (Title 7, Section 810) That is: That the plaintiff have and recover of defendant the sum of $200 per month as alimony. The first payment to be due and payable May 1, 1971, each successive

monthly payment to be due on the 1st day of each month thereafter until further orders of the court.

Affirmed in part, reversed in part and rendered.