* Editor's Note: The opinion of the Court of Civil Appeals, of Alabama in Brown v. Brown, published in the advance sheets at this citation (370 So.2d 1031) was withdrawn from the bound volume by order of the court.
This is a divorce case. The wife appeals from the trial court's award of alimony, child support, and disposition of property. We affirm.
The parties were divorced on the ground of incompatibility after a lengthy marriage. Four children were born of the marriage: Claude, age twenty-one; Jean, age eighteen; Elizabeth, age sixteen; and Mary Anne, age fifteen.
The trial court awarded the wife custody of the two minor children, and ordered the husband to make support payments of $600 per month. When Elizabeth reaches majority, the payments were to be reduced to $400 per month and then discontinued at Mary Anne's majority. The husband was also ordered to pay $300 per month in alimony to the wife for a period of three years. Thereafter the payments would be reduced to $200 monthly for an additional year and then cease. The wife was given exclusive use of the parties' residence until she remarried or Mary Anne reached majority. The home would then be sold with the proceeds divided equally. While the home remained in the wife's possession, the husband would be responsible for maintaining mortgage payments, taxes and insurance.
The wife contends on appeal the trial court abused its discretion in its award of child support and alimony. She also submits that she should receive title to the home.
The general rule is that the award of alimony, child support and division of property in divorce cases are matters within the discretion of the court and should not be reversed except for palpable abuse. Shirley v. Shirley, 350 So.2d 1041
(Ala.Civ.App. 1977).
The husband is President and General Manager of Kitchin's Department Store in Anniston. The evidence indicates that he has been very liberal in providing for his wife and children. He has distributed by gift substantial amounts of stock in Kitchin's Department Store, Inc. to his wife and children. The wife has a separate estate of greater value than that of the husband.
The husband and wife showed net income of $29,486; $26,061; $28,595; $41,753, and $50,346 for the years 1973 through 1977. The wife does not work but does receive income from her stock portfolio obtained through inheritance and gifts from her husband. In 1977, approximately $13,000 of income shown on the parties' joint income tax return was attributed to the wife. The wife also received a long-term capital gain of $18,879.28 from the sale of stock in 1977.
We cannot say the trial court abused its discretion in the amount of alimony and support ordered, particularly in light of the separate income- producing estates of the wife and children. We find no error in requiring a sale of the parties' residence with an equal division of the proceeds when the children are no longer dependent. The home was purchased primarily with money from the husband, and the husband is required to provide insurance, *Page 1033 
taxes, and continue making mortgage payments in the amount of $175 per month as long as the wife remains in residence there.
The trial court's judgment is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.