Plaintiff, Margurite Hilton, appeals from a lower court decision which awarded her $500.00 per month periodic alimony. She claims this award is inadequate. We affirm.
Marguerite Hilton and Robert Harry Hilton were married on April 25, 1959.
At the time the parties met, Mrs. Hilton had been working as a receptionist for Kirby Lithographic Company in Washington, D.C. for about eighteen months. Mr. Hilton was in the Army.
Retiring from the Army after twenty-one years, Mr. Hilton pursued not only an undergraduate degree, but obtained a master's and a doctorate degree as well. For three years he was an associate professor with the University of Alabama. In 1976 he obtained employment with Chase Resources Corporation. On December 28, 1977 Mr. Hilton's job with this company ended and he remained unemployed until June 8, 1978.
It was then that Mr. Hilton was employed by Transco Exploration Company in Houston, Texas as a landman. Soon after this the parties filed for divorce.
Mr. Hilton testified that he grossed $34,000.00 a year. His net monthly salary is $2,065.00. In addition, he receives Army net retirement income of $507.00 per month, plus an $18.75 tax-free Series E bond each month, which is part of the Army retirement program.
The husband's debts consist of $17,500 owed to the First National Bank of Tuscaloosa; car payment of $265.00; and general debts amounting to $250.00.
Mrs. Hilton has not worked during her twenty years of marriage to Mr. Hilton except to occasionally sell Tupperware, Avon Products, etc. Her only education is a GED certificate which is the equivalent of a high school degree.
Mrs. Hilton is fifty-two years old, in relatively good health, and is now trying to get a fast-food brokerage business going, though with only a small degree of success thus far. She has no substantial income at this point.
The wife appeals on the basis that the $500.00 periodic alimony award is insufficient to meet her living requirements, which amount to $1,127.00 per month.
The trial court heard the parties' testimony ore tenus. Therefore on appeal we view the divorce decree as if it were a jury verdict, and will reverse such decree only if, after considering all the evidence, it is concluded that the decree is clearly and palpably wrong. Body v. Body, 47 Ala. App. 443,256 So.2d 184 (1971). Further, an *Page 642 
award of alimony is within the sound discretion of the trial judge. Killingsworth v. Killingsworth, 284 Ala. 524,226 So.2d 308 (1969).
The evidence shows that the husband had engaged in an adulterous relationship prior to the divorce, that the parties' drinking habits led to altercations involving physical and verbal abuse of each other, and that the wife engaged in gambling on trips to Las Vegas, Nevada and to Greenetrack in Alabama. The evidence further shows that the wife had been a receptionist for a short period of time prior to the marriage, that during the marriage she had, on occasion, sold Avon Products, Tupperware, jewelry, and items that she had purchased at auctions, that during 1979 she had operated the restaurant in a local country club, and that she is presently operating as a broker for fast-food contracts.
We consider the evidence to be sufficient to permit a finding that the court's decree is not plainly and palpably erroneous so as to require reversal.
We conclude that the trial court did not err in awarding the wife periodic alimony in the amount of $500.00 per month, and its judgment is hereby affirmed.
Mrs. Hilton has requested an attorney's fee for the services of her attorney on this appeal and, even though we have found that the trial court did not abuse its discretion in the amount of alimony to her, we consider that she will have need of those assets that may be available to her; consequently we award $350.00 as a fee for her counsel's services on this appeal.Thompson v. Thompson, Ala.Civ.App., 337 So.2d 1 (1976).
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.