Helen V. Schwaiger and Frank E. Schwaiger were divorced by the Circuit Court of Cullman County on July 9, 1980 for incompatibility of temperament. The decree awarded the custody of the parties' minor child to the wife, directed the husband to pay $150 per month child support, granted the wife possession and use of the jointly owned family residence but made both parties liable for maintenance and upkeep, placed title in the wife to property inherited from her mother, ordered an eighteen acre jointly owned parcel of property sold and the proceeds divided equally between the parties, gave the wife $19,000 in cash which she had inherited from her mother, awarded the wife $8,418.67 as alimony in gross, which sum represented approximately one-half of the proceeds of two joint savings accounts, awarded to the wife certain designated personal property, gave the husband $1,380.37 from a certificate of deposit which he had previously cashed and $5,170.17 from a joint savings account, awarded the husband certain enumerated personal property including several motor vehicles, permitted the husband to retain title to an undivided one-tenth interest in all realty and personalty owned by the estate of his deceased father, and required the husband to maintain in force medical and hospital insurance for the parties' minor child.
The wife appeals from that part of the decree awarding her $8,418.67 from the parties' savings accounts as alimony in gross on the grounds that the award is not only inadequate but is also not alimony in gross, and she also contends that the trial court erred in not awarding her periodic alimony.
The parties were married in 1952 and had three children, one of whom is a minor. The husband, a longtime stone mason, works now only parttime due to physical ailments. His earnings in 1978 and 1979 averaged about $7,000 a year. He suffers from a digestive problem known as "dumping syndrome" and from lung cancer. The wife is fifty-seven years old and is suffering from the effects of a stroke. She has only an eighth grade education and has not been employed outside the home since 1952.
In divorce cases a trial court has wide discretion in the division of the parties' property and in awarding alimony and the exercise of that discretion will not be reversed except for plain and palpable abuse. Dennis v. Dennis, Ala.Civ.App.,383 So.2d 187 (1980).
In deciding what amount to award as alimony, the trial court may consider (1) the financial circumstances of both husband and wife; (2) their future prospects; (3) their standard of living during their marriage and their potential for maintaining or exceeding that standard after their divorce; (4) their ages and health; (5) the length of *Page 1215 
their marriage; (6) the sources of their common property; and (7) in appropriate circumstances, the conduct of each with reference to the cause of their divorce. Reynolds v. Reynolds, Ala.Civ.App., 376 So.2d 732 (1979); Anders v. Anders, Ala.Civ.App., 367 So.2d 481 (1979); Goodwin v. Goodwin, Ala.Civ.App., 364 So.2d 678 (1978). It should also be noted that a division of the divorcing parties' property does not have to be equal, only equitable according to the facts and circumstances of the particular case. Thompson v. Thompson, Ala.Civ. App., 377 So.2d 141 (1979). After applying these well-known principles of law to the facts in the present case, we conclude that the trial court did not abuse its discretion in the division of the parties' property nor did it abuse its discretion by failing to award to the wife periodic alimony.
We believe that the trial court's failure to award periodic alimony could be premised on the very serious nature of the husband's physical ailments, which could have the effect of greatly reducing his future earning capacity or eliminating it entirely. By this conclusion we do not mean to ignore the wife's plight or her future needs; but, we do recognize the strong likelihood that the husband will be unable to respond to those needs in the future. Thus, under these circumstances we can find no fault with the trial court's decision not to award periodic alimony.
The wife says, however, that the trial court erred in designating the $8,418.67 awarded to her from the parties' joint savings accounts as alimony in gross. Her primary argument in support of this contention is that the award to her of one-half of a joint savings account gives her nothing more than what she already owns. As support for her argument, the wife relies on the case of Body v. Body, 47 Ala. App. 443,256 So.2d 184 (1971). In the Body case the wife was awarded $12,000 from a jointly owned savings account containing $18,000. We said such award could not be considered as alimony in gross even if it had been so designated by the trial court because the wife already had vested title to one-half of the $18,000. Likewise, in the case at bar, we consider the award of the $8,418.67 from the parties' joint accounts to be a property division rather than an award of alimony in gross. And, being a part of the property division, the savings accounts awards must be considered along with the other properties to determine whether there was an equitable division of the accounts between the husband and wife. After a careful review of the award made to the wife, we cannot say that it is plainly and palpably wrong.
The wife has requested an attorney's fee be awarded to her for the services rendered by her attorney in this appeal and because of the circumstances of this particular case we conclude that the wife's attorney should be compensated for his services in prosecuting this appeal. Thompson v. Thompson, Ala.Civ.App., 337 So.2d 1 (1976). We consider $350 to be a reasonable fee for the services performed and award that amount to the appellant.
ATTORNEY'S FEE AWARDED.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.