This is a divorce case.
The parties were married on November 28, 1970, and separated April 20, 1979, a period of eight years and five months. Both had previously been married; those marriages lasted more than twenty years and produced children. No children were born of this marriage. Mr. and Mrs. Wilson worked in his business, D.E. Wilson Construction Company, during the marriage, apparently until he was injured in a fall in 1978. All real estate, including that acquired by each party before the marriage, was held in joint tenancy with right of survivorship. Their cash was kept in joint checking and savings accounts.
The original decree divided the property as follows:
Wife — real estate brought by her into the marriage consisting of a house on one and one-half acres and seven acres across the road valued at $24,400; her choice of either a 1979 Lincoln automobile or a 1975 Cadillac automobile, valued at $7,000 and $2,650, *Page 78 
respectively; furniture that was stored in a building on the homeplace and not currently used by the parties in their residence, valued at $875; all her personal effects; jewelry valued at $7,500; and $10,000 from the joint savings account and/or certificates of deposit currently held by the husband. After several modifications, the $10,000 cash amount was finally raised to $50,000.
Husband — all remaining real and personal property of the parties including the current residence of the parties, valued at $107,200 (the home and land) along with a mobile home thereon valued at $13,600 and a shop building valued at $26,800; seventy-five acres known as the Drummond Lease, the balance owed thereon to Wilson being $112,000; property in Raccoon Creek subdivision, valued at $34,500, furniture in the homeplace, valued at $17,645; motor vehicles valued at $10,050 (if the wife chose the $7,000 Lincoln); insurance policies with face values of $100,000 total;[1] business equipment and various other belongings. The husband was required to pay $6,000 to his wife's attorney and court costs.
We note that this decree was rendered following a hearing oretenus and that as such is presumed correct if supported by the evidence. Williams v. Williams, 389 So.2d 141 (Ala.Civ.App. 1980). The division of property and setting of alimony is within the sound discretion of the trial court and will not be reversed except for palpable abuse of that discretion. Mack v.Mack, 389 So.2d 1156 (Ala.Civ.App. 1980).
The division of property does not have to be equal, but only equitable. Each case must be decided on its own facts and circumstances. Parker v. Parker, 392 So.2d 229 (Ala.Civ.App. 1980); Hudson v. Hudson, 391 So.2d 664 (Ala.Civ.App. 1980). Factors to be considered in the division of property and award of alimony are the future prospects of the parties, their ages, sex, health, station in life, length of marriage, and in proper cases the conduct of the parties with reference to the cause of the divorce. Mack v. Mack, supra; Williams v. Williams, supra;Wicks v. Wicks, 379 So.2d 612 (Ala.Civ.App. 1979).
The trial court in this case apparently relied heavily on the origin of the property when making the property division. This, however, is only one factor to be considered, and is not controlling. Mack v. Mack, supra. Where property acquired prior to the marriage is regularly used during the marriage for the common benefit of the parties, it is available for consideration in dividing property and awarding alimony. Deesv. Dees, 390 So.2d 1060 (Ala.Civ.App. 1980). § 30-2-51, Code (1975) as amended in 1979. Though the court below made no finding under § 30-2-51, the husband testified that his business made little or no money during the marriage.[2]
No periodic alimony was awarded to the wife. We do not find an abuse of discretion or palpable error by the trial court in failing to award periodic alimony. The failure to provide such an award could have been due to the evidence of the mental and physical condition of the husband, resulting in the diminished income from which such payments are to be derived. Hagerv. Hager, 293 Ala. 47, 299 So.2d 743 (1974). The absence of a source for payment of periodic alimony may be considered as a reason for enlargement of division of capital assets of the marriage.
The $50,000 lump sum awarded is not designated either as alimony in gross or a property settlement. It is arguable that it is not alimony in gross since the funds from which it was ordered paid were already jointly in the names of both husband *Page 79 
and wife. Schwaiger v. Schwaiger, 392 So.2d 1213 (Ala.Civ.App. 1980); Body v. Body, 47 Ala. App. 443, 256 So.2d 184 (1971). It would more properly be designated a property settlement from the total marital assets.
Alimony in gross is the present value of the wife's inchoate marital rights — dower, homestead and distributive share — which are being terminated by the divorce. To those factors may be added a division of the fruits of the marriage — assets accumulated or added to during the marriage through the joint efforts of the parties. The total value of all these factors is simply a property division when set aside. Hager v. Hager,supra.[3]
We have previously said that the award of $50,000 in cash must be intended to be paid from a joint bank account. There was a total sum of approximately $85,000 in that account at the time the parties separated. The husband subsequently removed the assets of that account into his sole name. He testified that he paid $30,000 of it on marital debts. That was disputed by the wife. Regardless of the amount remaining in said account, the decree of the trial court vested in the husband assets of an approximate value exceeding $350,000. These were largely assets jointly owned by the parties at the time of separation. Thus it is seen that the award to the wife of $50,000 is somewhat less than one-seventh of that remaining to the husband.
In the absence of an award of periodic alimony and in view of the undisputed age of the wife and her lack of employable skills, it appears to this court that the division of property or alimony in gross, whichever it may be termed, is so inequitable as to constitute an abuse of discretion. In order to more closely adjust the equities, we direct the trial court to amend its judgment by granting to the wife an additional $25,000 from the jointly-owned property, either in cash, real property or income therefrom as it may determine proper. So that such additional award may be made, the judgment is affirmed in part and reversed in part with directions as herein set out.
In response to the request of the wife, we hereby award to her for services on appeal the sum of $500 as attorney's fees.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS.
BRADLEY and HOLMES, JJ., concur.
[1] The husband points out in brief that the insurance policies have cash value of only $11,271.50 and that two of the policies are encumbered by outstanding loans of $5,235.21 and $12,444.70.
[2] In his testimony and in brief the husband pointed out that the business made little or no money. Also in brief, however, the husband tries to exempt himself from the prior acquired property exception of § 30-2-51 by stating that the couple did not live lavishly and lived primarily out of the construction business run by the husband during the course of the marriage. The conflict in these statements is apparent.
[3] There is apt to be a time in the future when other or different factors will be appropriate in light of gender neutral considerations.