This is a divorce case.
The parties in this case were married on June 22, 1974. There was one child born of the marriage, namely, Ford Lewis, III. The parties separated in March 1981.
The wife filed for divorce on March 27, 1981 alleging incompatibility of temperament and an irretrievable breakdown of the marriage. The wife requested custody of her son, alimony, a reasonable property settlement, and attorney's fees. The husband filed a counterclaim seeking custody of the child.
A trial was held on August 15, 1981. A great deal of evidence was adduced at trial concerning the parties' financial situation and concerning who was the best person to have custody of the minor child. Considering the length of the record, we will try to present the pertinent facts as concisely as possible.
The husband is a partner with his father and uncle in a business known as the *Page 757 
Sweetwater Gin Company. The company raises cattle, deals in cotton, and runs a general store. The company owns over eight hundred acres of land, including some timberland.
Although the husband is not paid a salary per se, it appears that money for living expenses is drawn out of the partnership. The partnership also supplies cars, oil and gas, insurance, and a credit card. All told, the husband earns at least $20,000 a year.
The husband owns no real property in his own name. However, the husband has stock in several banks worth about $10,000. He also has over $2,000 in savings accounts. The husband also testified that he had done some timber work for which he earned $7,000.
The parties lived in a home owned by the husband's father. They paid no rent. The husband, however, spent approximately $30,000 to remodel the home. The husband borrowed the money for this remodeling from his father.
The wife owns a children's clothing store. She borrowed money from the husband's father to open the store. She still owes him approximately $31,000. The store has not shown a profit since she opened it in 1979.
Prior to the marriage, the wife inherited a large parcel of farmland. She holds the land as a cotenant with her sisters. The land is rented and used for soybean farming. After the taxes and mortgage are paid, each cotenant receives approximately $5,000 a year income.
The wife stated that the husband was dominated by his father, and this caused the marriage to break up. The husband stated that the wife opened her store against his wishes. He also presented evidence that the wife spent the night in a Birmingham hotel with a male friend occupying an adjoining room with connecting doors. The wife testified that this man was just a friend and that they were both there on business.
The only other evidence concerned the issue of child custody. Both parties presented numerous witnesses who testified on their behalf. It is obvious from all this testimony that both parties are fit parents.
On August 24, 1981 the circuit court granted the divorce on the grounds of irretrievable breakdown in the marriage relationship. Custody of the child was awarded to the husband for ten months of the year and to the wife for two months. The wife also was allowed to have the child every other weekend and on Tuesday and Thursday evenings. She was also given custody of the child for six days at Christmas and during spring holidays. The wife was awarded no alimony and the only property she received was a car and some furniture for which she stated that she had paid. From this judgment the wife has timely appealed to this court.
Three issues are raised in this appeal. The first issue is whether the trial court erred in granting custody of the minor child to the husband. The second issue is whether the court erred in failing to make a property division or to award any alimony. The third issue is whether the trial court erred in failing to award attorney's fees to the wife's attorney.
In addressing the issue of child custody, we must presume that the trial court's judgment is correct. We will not reverse a trial judge who has heard the evidence unless the judgment is so unsupported by the evidence as to constitute an abuse of discretion. Williams v. Williams, 402 So.2d 1029 (Ala.Civ.App. 1981).
In the present case the testimony is clear that both parties are capable, loving parents. The wife does not dispute this. She merely argues that she would be the better parent to have primary custody. The wife, however, is given extensive visitation rights during the time the husband has custody of the child. She is also given custody for two months during the summer. The award of primary custody of the child to the father is supported by the evidence.
As her second issue the wife contends that the trial court erred in failing to award her any property other than a car and some furniture and in failing to award *Page 758 
either periodic alimony or alimony in gross. The trial court, in denying the wife's request for alimony and a property division, stated that its decision was based on the fact that the wife had a sizeable separate estate and the fact that she had opened a business against her husband's wishes.
The wife first argues that under § 30-2-51, Code 1975, the trial court could not consider her separate property in this case. She bases this argument on the fact that her property was inherited prior to the marriage.
Section 30-2-51 provides as follows:
 If either spouse has no separate estate or if it be insufficient for the maintenance of such spouse, the judge, upon granting a divorce, at his discretion, may order to such spouse an allowance out of the estate of the other spouse, taking into consideration the value thereof and the condition of the spouse's family; provided, however, that the judge may not take into consideration any property acquired prior to the marriage of the parties or by inheritance or gift unless the trial judge finds from the evidence that such property, or income produced by such property, has been used regularly for the common benefit of the parties during their marriage.
The first portion of this provision indicates that alimony is to be awarded to one spouse out of the estate of the other spouse only if the spouse requesting alimony has no separate estate, or if that spouse's separate estate is insufficient for his or her maintenance. Clearly, then, in order for the trial court to determine whether alimony is to be awarded in any given situation, the separate estate, if any, of the spouse requesting alimony must be taken into consideration. SeeHuggins v. Huggins, 57 Ala. App. 691, 331 So.2d 704 (1976) (interpreting the statute prior to the 1979 amendment, but indicating the intent of the initial language of the statute). The language of the statute providing that the trial court may not take into account a spouse's separate property unless it "has been used regularly for the common benefit of the parties during their marriage," relied upon by the wife in this case, applies only to the court's consideration of the estate of the spouse who is expected to pay alimony. See Dees v. Dees,390 So.2d 1060 (Ala.Civ.App. 1980).
Thus, the separate estate of the spouse requesting alimony may, without exception, be taken into consideration in determining whether that spouse should receive an award of alimony, whereas the separate estate of the spouse who is being asked to pay alimony may be considered only if that separate estate has been commonly used by both spouses during the marriage. Under this interpretation of § 30-2-51, the trial court in the present case properly considered the separate estate of the wife in determining whether she was entitled to an award of alimony.
The wife next argues that the court erred in failing to grant her an award of alimony. In considering the wife's contention, we would first note that the award of alimony and the division of property in a divorce action are matters within the trial court's discretion. The exercise of this discretion is based on equitable principles and must not be arbitrary and unjust.Dees, supra.
Periodic alimony is to be awarded for the current and continuous support of the spouse. Dees, supra. Alimony in gross, on the other hand, is awarded to compensate a spouse for inchoate marital rights. Hawkins v. Hawkins, 346 So.2d 967
(Ala.Civ.App. 1977). Factors to be considered in awarding alimony include both parties' financial circumstances, their future prospects, their standard of living, ages and health, duration of the marriage, and in appropriate circumstances the conduct of each in regard to the cause of the divorce.Schwaiger v. Schwaiger, 392 So.2d 1213 (Ala.Civ.App. 1981).
In the present case the marriage was relatively short, seven years. The husband is thirty-one years old and the wife is twenty-eight. Both have very good earning prospects. Although the wife's business has not shown a profit since she opened it, the *Page 759 
prospects for a profitable operation are good. Although the divorce was not granted on a fault basis, there is evidence that the wife left the husband. Also there is some evidence of misconduct on her part. Furthermore, the wife owns a one-third interest in some 1600 acres of farmland valued at $1,000 per acre. The house that the parties lived in belonged to the husband's father, and the automobile that the husband drove belonged to the partnership. The only property owned by the husband other than a one-third interest in the partnership was $10,000 in bank stock and $2,000 in savings accounts. The husband is indebted to his father for loans used to purchase a one-third interest in the partnership and to a bank in the area for about $8,800 on the automobile awarded to the wife. Based on this evidence we cannot say that the decision not to award alimony is arbitrary or unjust. Neither do we believe that the failure to award additional property to the wife is erroneous.
Finally the wife contends that the trial court erred by failing to grant her attorney's fees. The allowance of attorney's fees is a matter within the sound discretion of the trial court. Parker v. Parker, 392 So.2d 229 (Ala.Civ.App. 1980). There was no evidence presented as to the value of legal services in this case. The trial court will not be reversed for failing to grant relief for which there has been no evidence presented. Parker, supra. This aspect of the judgment is affirmed.
The husband argues that the wife has placed in issue on appeal the sufficiency of the evidence to support the trial court's judgment. And, since there were no findings of fact or a motion for a new trial or a vacation of judgment on the ground that the evidence failed to support the judgment, the trial court's judgment must be affirmed as required bySecuritronics of America, Inc. v. Bruno's, Inc., 414 So.2d 950
(Ala. 1982).
In Securitronics the supreme court said that in a nonjury case there must be a finding of fact by the trial judge or there must be a post-trial motion, one or more grounds of which questioned the sufficiency of the evidence to support the judgment, before the sufficiency of the evidence to support the trial court's judgment can be raised as an issue on appeal.
On June 4, 1982 the supreme court withdrew its February 26, 1982 opinion in Securitronics and issued a new opinion in which it held that a motion for a new trial or for findings of fact is not necessary in a nonjury case in order for the appellant to obtain review of the sufficiency of the evidence to support the trial court's judgment. Likewise, in the case at bar, no such motion was necessary to permit this court to review the sufficiency of the evidence in support of the trial court's judgment.
The wife's request for attorney's fees on this appeal is denied.
AFFIRMED.
WRIGHT, P.J., concurs.
HOLMES, J., not sitting.