BRADLEY, Judge.
This is a divorce case.
Charlene H. Baldwin and Hardin H. Baldwin were married June 5,1941. Since 1945 the couple has resided on approximately *786 two hundred forty acres of land that Hardin H. Baldwin and his brother inherited. Title to this Pickens County property has been in the Baldwin family since 1837. Hardin Baldwin eventually bought his brother’s interest in the land.
Four children were born of this marriage. All are now adults and living away from the Baldwin property.
Mr. Baldwin worked as a rural mail carrier from 1936 until his retirement in 1975. He is currently receiving retirement benefits from the United States Postal Service and the Veterans Administration. This is substantially all the income he receives. Charlene H. Baldwin was employed outside the home for only nine months of her married life. In 1972 she inherited an undivided one-half interest, subject to a life estate, in approximately eight hundred acres of land in Sumter County. Her interest became possessory in 1974. From a gravel mining operation on this land, the wife receives approximately $5,000 income annually-
In May 1981 Charlene H. Baldwin filed a complaint for divorce alleging, among other things, irretrievable breakdown of the marriage and incompatibility of temperament. A temporary restraining order was also filed and granted, giving possession of the Baldwin home to the wife. Hardin Baldwin counterclaimed for a divorce also on the ground of irretrievable breakdown of the marriage and alleged that the wife was primarily responsible for the separation.
At the trial, evidence was introduced concerning both parties’ financial conditions and each party’s activities that led to the breakdown of the relationship. Real estate appraisers gave testimony as to the value of each party’s real property. The value of the wife’s property as reflected by the evidence greatly exceeded the value of the husband’s property.
In its final decree the trial court found that the wife’s conduct contributed substantially to the breakdown of the marriage and that the wife’s estate greatly exceeded in value the husband’s estate, and that the wife’s property had a greater income potential than the husband’s property. The court specifically stated that it was taking these factors into consideration in dividing the parties’ property and in awarding alimony. The court then ordered that each party retain the property that he or she had inherited and then divided the personal property based mainly on which party had acquired and used the property. In addition, the husband was ordered to pay the wife $400 a month as periodic alimony.
In brief the wife argues that the trial court erred in its property division and award of alimony because it took into consideration the property the wife had inherited, and by so doing, the trial court misinterpreted section 30-2-51, Code 1975, which is as follows:
“If either spouse has no separate estate or if it be insufficient for the maintenance of such spouse, the judge, upon granting a divorce, at his discretion, may order to such spouse an allowance out of the estate of the other spouse, taking into consideration the value thereof and the condition of the spouse’s family; provided, however, that the judge may not take into consideration any property acquired prior to the marriage of the parties or by inheritance or gift unless the trial judge finds from the evidence that such property, or income produced by such property, has been used regularly for the common benefit of the parties during their marriage.”
In support of this argument, Mrs. Baldwin says that her property should not have been considered by the trial court in the property division and alimony award because her property had not been used “regularly for the common benefit of the parties during their marriage.”
In construing section 30-2-51 we said in Lewis v. Lewis, 416 So.2d 755 (Ala.Civ.App.1982) that:
“The first portion of this provision indicates that alimony is to be awarded to one spouse out of the estate of the other spouse only if the spouse requesting alimony has no separate estate, or if that spouse’s separate estate is insufficient for *787 his or her maintenance. Clearly, then, in order for the trial court to determine whether alimony is to be awarded in any given situation, the separate estate, if any, of the spouse requesting alimony must be taken into consideration. The language of the statute providing that the trial court may not take into account a spouse’s separate property unless it ‘has been used regularly for the common benefit of the parties during their marriage,’ ... applies only to the court’s consideration of the estate of the spouse who is expected to pay alimony.
“Thus, the separate estate of the spouse requesting alimony may, without exception, be taken into consideration in determining whether that spouse should receive an award of alimony.” (Citations omitted.)
Mrs. Baldwin had requested alimony and a property division in her complaint. Such request clearly presupposes that the requested awards will be paid out of the husband’s estate. Based on Lewis, we conclude that the trial court did not err in its alimony award and property division when it considered the value and income potential of the wife’s inherited property. We further observe that the division of property and award of alimony is within the sound discretion of the trial court and such action will not be overturned absent a showing of plain and palpable abuse of that discretion. Wilson v. Wilson, 404 So.2d 76 (Ala.Civ.App.1981). No such abuse of discretion has been found in the case record.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J„ concur.