This is a divorce case.
The trial court, after an ore tenus hearing, divorced the parties, made a division of property, and required the husband to pay child support. The husband appeals and we affirm.
The husband, through able counsel, raises several issues. He first contends that the trial court was without jurisdiction to enter the divorce decree because there was not a proper complaint pending in the trial court. The husband next contends that the trial court erred by refusing to recognize a prior Egyptian divorce decree. The husband's final contentions are that the trial court erred in the division of property and the award of child support.
For purposes of clarity we will detail the pertinent facts as they relate to the specific issues in question.
 I
The husband first contends that the trial court was without jurisdiction to enter a divorce decree because there was not a complaint pending before the court. The husband bases his contention on the fact that a prior divorce decree was set aside *Page 918 
and then the instant decree entered without another filing of a complaint. This court believes that the husband's contention is without merit.
In April 1982, the wife filed a divorce complaint. The husband did not answer and a default judgment was entered. Thereafter, the default judgment was set aside on the ground that the husband was not properly served. For some unknown reason the record before this court does not contain a copy of the court's order setting aside the default judgment. However, both parties agree this did in fact occur.
After the default judgment was set aside, the husband was apparently, although this is not clear from the record, properly served. Be that as it may, the husband at that time filed a general answer to the "complaint heretofore filed."
At the beginning of the hearing, the parties through their individual counsel clearly acquiesced, after a colloquy with the trial court concerning specific procedural matters, to proceed with the trial of the divorce.
It is now the husband's position that the failure to refile the wife's divorce complaint prevented the trial court from obtaining "jurisdiction" to enter the final divorce decree. In other words, the husband argues that the setting aside of the default judgment rendered the wife's divorce complaint void and the trial court was without authority to proceed. We cannot agree.
The husband does not cite any authority, nor is this court aware of any authority, holding that the setting aside of a default judgment renders the prior complaint a nullity. Furthermore, and most importantly, the husband answered the complaint presumably served on him and made a general appearance. There was no objection at the trial level that the complaint was void.
Although the lack of subject matter jurisdiction may be raised at any time, this court believes that the complaint was effective; this is so in view of the absence of any authority to the contrary along with the fact that the husband answered the complaint and acquiesced in the trial of the divorce action. See Alabama Rules of Civil Procedure 8 (f) and 15 (b) regarding the liberal posture of the rules in order to effect substantial justice between the parties. Furthermore, as indicated above, there was no objection at trial to proceeding with the divorce action. The law clearly is that matters not raised at trial cannot be raised for the first time on appeal.Hutchins v. Shepard, 370 So.2d 275 (Ala. 1979).
 II
The husband next contends that the trial court erred in failing to recognize a prior Egyptian divorce.
A divorce obtained in a foreign country is recognized by comity. Prudential Insurance Co. v. Lewis, 306 F. Supp. 1177
(N.D.Ala. 1969). In Alabama the rule of comity does not require the courts to recognize as valid a divorce rendered by a foreign jurisdiction on a showing of jurisdiction which would not support a domestic judgment. Crimm v. Crimm, 211 Ala. 13,99 So. 301 (1924).
Viewing the record with the attendant presumptions, the following is revealed. The parties to this case are naturalized United States citizens. They were married in Egypt, their homeland, in 1969; shortly thereafter they came to the United States. Both parties have lived and worked here continuously since that time except for brief periods when the husband's work required him to be out of the country. These were only temporary jobs and the family always intended to return to America.
Some time after the wife filed her divorce complaint in April 1982, the husband obtained an Egyptian divorce. At that time, the husband stayed two weeks in Egypt.
One of the requisites for an Alabama court to recognize a foreign decree is that one of the parties must be domiciled in the foreign country. Prudential Insurance Co. v. Lewis,306 F. Supp. 1177 (N.D.Ala. 1969). *Page 919 
Domicile requires residence at a particular place and an intent to remain there permanently, or for an indefinite length of time. Ambrose v. Vandeford, 277 Ala. 66, 167 So.2d 149
(1964). Domicile is also the place to which a person when he is absent has intention of returning. State ex rel. Rabren v.Baxter, 46 Ala. App. 134, 239 So.2d 206, cert. denied, 286 Ala. 732, 239 So.2d 214 (1970).
The trial court found that the husband was a resident of Macon County, Alabama, and therefore was not domiciled in Egypt and refused to recognize the divorce. In view of the presumptions accorded the trial court under the ore tenus rule, there is evidence to support the trial court's determinations.
At the time of the Egyptian divorce, the husband stayed only two weeks in that country. He left a job and property in the United States. It can be safely inferred from the record that the husband intended to return to the United States, his job and his property. There is some question as to the effect of dual citizenship which we need not determine, but clearly both parties are United States citizens. There is no question that the wife was not domiciled in Egypt at the time of the Egyptian divorce and the record supports a conclusion that neither was the husband.
In view of the fact that neither party was domiciled in Egypt at the time of the foreign decree, the trial court was not in error in refusing to recognize the prior foreign divorce.
 III
The husband's final contentions are that the trial court abused its discretion in the division of property and in the amount of child support ordered paid.
The trial court has wide discretion in determining the division of property and the amount of child support and its decision on such matters will be presumed to be correct on appeal. Thompson v. Thompson, 377 So.2d 141 (Ala.Civ.App. 1979); Kitchin v. Kitchin, 370 So.2d 1031 (Ala.Civ.App. 1979).
In its decree the trial court ordered the parties' house in Florida sold and the proceeds divided equally. The parties' house in Macon County was awarded to the husband. The decree did not mention personal property; however, it can be gathered from the record that both parties are in possession of various items of personalty; presumably, the trial court intended the parties to retain those items in their possession. Clearly, this is an equitable division of property considering the facts and circumstances of this case. There was no substantial misconduct on the part of either party. Both of the parties worked throughout the marriage. The wife worked part-time when she was in school. In view of the presumptions accorded the trial court, we find no abuse of discretion in the division of property.
The trial court ordered the husband to pay $250 per month as child support for each of the two minor children. Again, we find no abuse of discretion requiring reversal.
The husband has a doctorate degree and he is employed by Tuskegee Institute in Macon County. He earns approximately $27,000 a year. Essentially, the husband takes the position that because the wife's earnings are relatively equal to his earnings, the trial court abused its discretion in its award of child support.
The standard for determination of the amount of child support is based upon the needs of the child compared with the ability of the parent to pay. Jenkins v. Jenkins, 418 So.2d 137
(Ala.Civ.App. 1982). Clearly the husband has the ability to pay. Furthermore, the husband was awarded the house in Macon County. Property division is also a factor to be considered in determining the amount of child support. Townsend v. Townsend,337 So.2d 4 (Ala.Civ.App. 1976).
In view of the above we find no error and affirm. *Page 920 
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.