This is a divorce case.
The Circuit Court of Calhoun County, after an ore tenus
hearing, divorced the parties and ordered a division of the marital property. The trial court further ordered an award to the wife of $20,000 annual periodic alimony, required the husband to pay $6,000 per year child support, and awarded to the wife a $5,000 attorney's fee.
The husband appeals from the above action of the trial court, and we affirm in part and reverse in part.
Viewing the record with the attendant presumptions, we find the following is pertinently revealed: *Page 1291 
This couple was married in 1960. They adopted three children during their marriage. Custody of their sole minor child is not in dispute.
The husband is fifty-three years of age. He has enjoyed a successful business career that culminated in the selling of his business in 1979 for 3.8 million dollars. Subsequently, this money was used to pay off indebtedness, with the remainder placed in trust for the benefit of the couple's children. As a result, the husband receives an annual income from these trusts, amounting to approximately $241,000 per year, as repayment of the husband's loan, which originally funded the children's trust. These payments, which cease in 1999, are currently the husband's sole source of income.
The wife is forty-four years of age. She has relatively little work experience. She is lacking just a few hours in completing her college degree. She had a large estate separate from that of her husband's. This estate consisted, in part, of an interest in a farm worth $179,400, stocks valued at $195,000, tax-exempt bonds valued at $50,000, and $109,000 in a money market account. The wife has $20,000 income generated from her various assets.
As indicated, the husband, on appeal, raises three contentions: (1) that the trial court erred in its division of marital property and award of periodic alimony, (2) that the trial court erred in its award of child support, and (3) that the trial court erred in its award of the wife's attorney's fees.
The husband contends, first, that the trial court erred in its division of the marital property and award of periodic alimony. We agree in part and disagree in part.
The trial court granted the wife annual periodic alimony of $20,000 and property, both real and personal, worth over 1.6 million dollars. The trial court provided, in pertinent part, as follows, with regard to the property division:
 "24. As an additional and final property division, the Defendant shall pay to the Plaintiff the sum of $600,000.00. Such sum shall be fully paid to the Plaintiff within 5 years from the date of this order and with minimum payments of $15,000.00 per quarter payable on the same date as set out above for the alimony payments."
The husband, in effect, contends that the trial court in the award of periodic alimony and $600,000 "property" did not properly consider the wife's separate estate, which totaled approximately $650,000.
Ala. Code (1975), § 30-2-51, states as follows:
 "If either spouse has no separate estate or if it be insufficient for the maintenance of such spouse, the judge, upon granting a divorce, at his discretion, may order to such spouse an allowance out of the estate of the other spouse, taking into consideration the value thereof and the condition of the spouse's family; provided, however, that the judge may not take into consideration any property acquired prior to the marriage of the parties or by inheritance or gift unless the trial judge finds from the evidence that such property, or income produced by such property, has been used regularly for the common benefit of the parties during their marriage."
This section has been construed as requiring the consideration of the separate estate, if any, of that spouse requesting alimony or a property division. George v. George, 447 So.2d 802
(Ala.Civ.App. 1984); Baldwin v. Baldwin, 420 So.2d 785
(Ala.Civ.App. 1982); Lewis v. Lewis, 416 So.2d 755
(Ala.Civ.App. 1982).
It is well recognized that the division of property does not have to be equal, but only equitable, and that factors such as the future prospects of the parties, their ages, health, station in life, length of marriage, and conduct of the parties in regard to the cause of the divorce are proper for consideration in the award of periodic alimony and division of property. Weatherly v. Weatherly, 469 So.2d 653 (Ala.Civ.App. 1985). Additionally, the award of periodic alimony and division of marital property are found to be within the sound discretion *Page 1292 
of the trial court and cannot be set aside except for plain and palpable abuse of discretion. Isham v. Isham, 464 So.2d 109
(Ala.Civ.App. 1985).
We note in the case at bar that the learned trial court made reference to the wife's separate estate in its final decree. It then proceeded to award to the wife her entire separate estate valued at over $649,000, plus a major portion of her husband's estate. We find that portion of the "property" award constituting $600,000 over five years most troubling. The husband will be forced to make these "property" payments from funds received as repayment of loans to the children's trusts, which currently serve as his only income.
Furthermore, these payments from the trusts to the husband are not certain, but contingent upon the continued financial success of the trust investments.
We find, in light of the wife's large separate estate, contingency of the trust payments, and absence of any misconduct on the part of the husband, the award of $600,000 over five years to be an abuse of the trial court's discretion and, thus, error. We hereby reduce said award to $350,000 over five years. This modification of said award shall not affect the schedule of payment.
We find the trial court's award of $20,000 periodic alimony to the wife not an abuse of the trial court's discretion and, thus, not subject to reversal in light of our decision today reducing the "property" award to the wife. This award of alimony is appropriate, given the standard of life the wife has enjoyed over the many years of her marriage. The trial court was correct in its award, based upon the number of years the parties had been married, the financial fitness of the husband, and the limited working experience of the wife.
The husband's second contention on appeal is that the trial court committed error in its award of $6,000 annual child support. We disagree.
The determination of the amount of child support to be granted in a divorce proceeding depends upon the needs of the child and the ability of the parent to pay. Spears v. Spears,382 So.2d 572 (Ala.Civ.App. 1980). We also note that the trial court has wide discretion in the determination of child support and that its decision is presumed correct on appeal. Basiounyv. Basiouny, 445 So.2d 916 (Ala.Civ.App. 1984).
The husband argues correctly that property division is a factor to be considered in determining the amount of child support to be awarded. Basiouny, 445 So.2d 916. In light of this rule of law, the husband contends that the trial court's award of $6,000 child support constitutes error, based upon the property awarded to the wife. We disagree. We find that the trial court did not abuse its discretion in awarding the wife $6,000 child support, given the husband's ability to pay and the child's needs, specifically, his educational needs, which total $11,000 per year.
The husband further contends that the child's trust, established by the father, satisfies his support obligation, given the $18,000 annual income generated by the trust. While the father's establishment of a trust for his children is commendable, it does not satisfy his support obligations. The evidence suggests that $18,000 would not in this instance be sufficient to satisfy the child's needs. It was clearly evident that the child's educational needs, as a result of his learning and behavioral problems, totaled over $11,000 per year. Additionally, this child has grown accustomed to a standard of living that should not suffer as a result of no fault of his own.
Finally, the husband contends that the trial court erred in its award of the wife's attorney's fees of $5,000.
The award of attorney's fees in domestic cases falls within the sound discretion of the trial court. Robbins v. Robbins,460 So.2d 1355 (Ala.Civ.App. 1984). The trial court may consider among other factors the earning capacity of the parties and the financial circumstances of the husband. *Page 1293 Gilliland v. Gilliland, 422 So.2d 299 (Ala.Civ.App. 1982).
Furthermore, we note that counsel for the husband stipulated to the fact that the wife's counsel had worked sixty hours on the case and that $75 per hour was a reasonable fee.
We find no abuse of discretion with regard to attorney's fees in the case at bar and, thus, no error.
Therefore, the above case is due to be and is hereby affirmed in part and reversed in part.
AFFIRMED IN PART; AND REVERSED IN PART.
WRIGHT, P.J., and BRADLEY, J., concur.